HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division
MICHAEL E. GATES
Deputy Assistant Attorney General
Civil Rights Division
MAUREEN RIORDAN
Acting Chief, Voting Section
Civil Rights Division
KEVIN MUENCH
Attorney, Voting Section
Civil Rights Division
    U.S. Department of Justice
    4 Constitution Square
    150 M Street NE, Room 8.923
    Washington, D.C. 20530
    Telephone: (202) 808-4833
    Email: kevin.muench@usdoj.gov

BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Chief, Civil Division
KATHERINE M. HIKIDA (CA State Bar No. 153268)
Assistant United States Attorney
Civil Rights Section, Civil Division
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2285, Facsimile: (213) 894-7819
    Email: katherine.hikida@usdoj.gov
Attorneys for Plaintiff, UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT PAGE, in his official capacity as Registrar of Voters for Orange County, California,<br><br>Defendant. | CASE NO. 8:25-cv-01370<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF<br><br>1. VIOLATION OF SECTION 303(a)(2)(B)(ii) OF HAVA, 52 U.S. CODE § 21083<br>2. VIOLATION OF SECTION 8(a)(4) and 8(i) OF THE NVRA, 52 U.S. CODE § 20507(a)(4) |
|---|---|

### **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff, the United States of America, brings this action against Robert Page, in his official capacity as the Registrar of Voters for Orange County, California and alleges:

### **I. INTRODUCTION**

"Citizens must have complete confidence in the sanctity of their right to vote." Ronald Reagan, June 29, 1982.[1] Indeed, "[c]onfidence in the integrity of our electoral processes is essential to the functioning of our participatory democracy. Voter fraud drives honest citizens out of the democratic process and breeds distrust of our government. Voters who fear their legitimate votes will be outweighed by fraudulent ones will feel disenfranchised." *Purcell v. Gonzalez*, 549 U.S. 1, 4, 166 L. Ed. 2d 1, 7 (2006).

---

[1] *Remarks on Signing the Voting Rights Act Amendments of 1982*, RONALD REAGAN PRESIDENTIAL LIBRARY, https://www.reaganlibrary.gov/archives/speech/remarks-

Orange County has undermined that confidence by (1) refusing transparency of its voter information, in violation of federal voting laws, and (2) concealing the unlawful registration of ineligible, non-citizen voters. Keeping voter registration rolls accurate and current ensures efficient and secure elections and promotes democratic engagement. Accurate voter registration lists are necessary to ensure only eligible electors can cast a ballot.

To this end, the Attorney General of the United States hereby files this action on behalf of the United States of America to enforce the requirements of Section 303(a) of the HAVA, 52 U.S.C § 21083(a)(2), and to enforce the list maintenance requirements of Section 8 of the NVRA, 53 U.S.C. § 20507(a)(4), with respect to the conduct of elections in Orange County, California.

## II. JURISDICTION AND VENUE

1. This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 2201(a), and 52 U.S.C. §§ 21111 and 20510.

2. Venue for this action is proper in the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 84, 1391(b).

## III. PARTIES

3. Plaintiff, United States of America, seeks declaratory and injunctive relief pursuant to the following: Section 401 of HAVA, 52 U.S.C. § 21111, which authorizes the Attorney General to bring a civil action against any state or jurisdiction to enforce the requirements of Section 303 of the Help America Vote Act ("HAVA"), 52 U.S.C § 21083(a)(2).

4. Section 11 of the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20510, authorizes the Attorney General to bring a civil action against any

---

signing-voting-rights-act-amendments-1982 (accessed June 24, 2025).

1  state or jurisdiction to enforce the list maintenance requirements of Section 8(a)(4)
2  of the NVRA, 52 U.S.C § 20507(a)(4).
3      5.   Defendant, Robert Page, is the Orange County Registrar of Voters, and
4  as such, his responsibility is "[t]o provide election services for the citizens of Or-
5  ange County to ensure equal access to the election process, protect the integrity of
6  votes, and maintain a transparent, accurate and fair process." About Us, Official
7  Election Site of Orange County, About | OC Vote. The County Registrar is the des-
8  ignated official under California law required to "register as voters any electors who
9  apply for registration and shall perform any other duties required of him or her by
10 the Elections Code." Cal. Gov. Code § 26802.
11     6.   Defendant Orange County Registrar of Voters, Robert Page is subject
12 to the requirements of HAVA and the NVRA including the voter list maintenance
13 requirements. 52 U.S.C. § 21083(a)(2) and 52 U.S.C. § 20507(a)(4), and the disclo-
14 sure requirements of 52 U.S.C. § 20507 (i).
15     7.   Under California law, "A county elections official shall be responsible
16 for coordinating with the Secretary of State and each applicable voter registration
17 agency within the county to administer the voter registration services required pur-
18 suant to this chapter and the federal National Voter Registration Act of 1993 (52
19 U.S.C. Sec. 20501 et seq.)." Cal. Elec. Code § 2405. *See also* Cal. Elec. Code § 320
20 (defining "elections official" as "A county clerk, city clerk, registrar of voters, or
21 elections supervisor having jurisdiction over elections within any county, city, or
22 district within the state.").
23     8.   Defendant Page is sued in his official capacity only.

### IV.   FACTUAL ALLEGATIONS

26     9.   On October 29, 2002, President Bush signed into law the Help America
27 Vote Act of 2002, Pub. L. No. 107-252, 116 Stat. 1666 (2002). HAVA is codified
28 at 52 U.S.C. §§ 20901 to 21145. HAVA provides that states create a centralized

1  computerized voter registration database that verifies registration information, conducts certain list maintenance functions, and interacts with local election voter registration databases.

2  10.   Section 303(a)(2)(B) of HAVA requires State election officials to ensure that the statewide computerized list of voters is accurate and current by (i) ensuring that all registered voters are included in the list, (ii) removing the names of voters who are not registered to vote or who are ineligible to vote; and (iii) removing duplicate names from the computerized list.

11.   On May 20, 1993, President Clinton signed into law the National Voter Registration Act, Pub. L. No. 103-31, 107 Stat. 77 (1993). The NVRA is codified at 52 U.S.C. §§ 20501 to 20511. The NVRA sets forth certain voter registration requirements with respect to elections for federal office, including requiring that States offer voter registration opportunities at State motor vehicle agencies, that States offer voter registration opportunities by mail-in application, and that States implement procedures *to maintain accurate and current voter* registration lists.

12.   United States citizenship is a qualification to register and vote in federal elections. *See* 18 U.S.C. §§ 1015 and 611.

13.   United States citizenship is a qualification to register and vote in California. *See* Cal. Const, Art. II § 2; Cal. Elec. Code § 2000(a); Cal. Elec. Code § 2101(a); see also Cal. Elec. Code § 2111; Cal Elec. Code § 3501.

14.   To comply with list maintenance procedures of both HAVA and the NVRA, non-citizens, who are necessarily "not eligible to vote," must be removed from the statewide list of registered voters.

15.   Defendant Page is the Registrar of Voters for Orange County, California and is required by law to register all qualified persons who apply for registration and perform all other duties required of him by the elections code. Cal. Gov't Code § 26802.

1    16.    Defendant Page is required to cancel voter registration records under certain circumstances, Cal. Elec. Code § 2201, including, "[a]t the signed, written request of the person registered," Cal. Elec. Code § 2201(a)(1), and "[u]pon proof that the person is otherwise ineligible to vote," Cal. Elec. Code § 2201(a)(8).

   17.    As part of his voter list maintenance duties, Defendant Page evaluates eligibility for voter registration including citizenship and must reject voter registrations and cancel any registration record if the registrant does not meet these eligibility requirements.

### The Attorney General Received a Complaint that a non-Citizen Received an Unsolicited Mail-In Ballot

   18.    The Attorney General recently received a complaint from the family member of a non-citizen in Orange County indicating that the non-citizen received an unsolicited mail-in ballot from the Defendant, despite lack of citizenship.

   19.    On June 2, 2025, the Attorney General requested the following documents from the Defendant:

   1.    Records from January 1, 2020, to the present showing the number of voter registration records in Orange County cancelled because the registrant did not satisfy the citizenship requirements for voter registration.

   2.    Records from January 1, 2020, to the present related to each cancellation described in Request No. 1, including copies of each registrant's voter registration application, voter registration record, voting history, and related correspondence sent or received by the County of Orange Registrar of Voters in regard to the registration.

   (See Exhibit 1).

   20.    On June 16, 2025, the Defendant responded to our request. In his response, the Defendant provided data but redacted the following information regarding the non-citizens identified on the Orange County voter registration list: the California driver's license and identification card numbers, social security numbers, Cal-

1 ifornia Secretary of State-assigned voter identification numbers, language prefer-
2 ence, and images of registrants' signatures. The Defendant relied upon several Cali-
3 fornia Statutes as the basis for the redactions

4     21.    On June 17, 2025, Plaintiff responded to Defendant indicating that the
5 redacted data that was provided prohibits the Attorney General from making an ac-
6 curate assessment of the Defendant's compliance with HAVA and the NVRA.
7 Moreover, Plaintiff communicated that Defendant's reliance on state law to prevent
8 the Attorney General from receiving information it is entitled to receive is pre-
9 empted by federal law. *See Arizona v Arizona Inter Tribal*, 570 US 1 (2013).

10     22.    Defendant is required to "maintain for at least 2 years and shall make
11 available for public inspection and, where available, photocopying at a reasonable
12 cost, all records concerning the implementation of programs and activities conduct-
13 ed for the purpose of ensuring the accuracy and currency of official lists of eligible
14 voters[.]" 52 U.S.C. § 20507(i)(1) (hereafter, the "Public Disclosure Provision")[2]

15     23.    The only records exempted from the NVRA's Public Disclosure Provi-
16 sion are those that "relate to a declination to register to vote or the identity of the
17 voter registration agency through which any particular voter registered." 52 U.S.C. §
18 20507(i)(1).

19     24.    "The National Voter Registration Act (NVRA) is premised on the
20 assumption that citizenship is one of the requirements for eligibility to vote." *Arcia*
21 *v. Sec'y of Fla.*, 772 F.3d 1335, 1344 (11th Cir. 2014).

22     25.    When Defendant evaluates and/or investigates whether a registrant
23 meets the state's qualifications for registration and voting, including citizenship, he
24 engages in an activity or program within the Public Disclosure Provisions scope.

25     26.    When Defendant cancels a registration record because the registrant
26 does not meet the requirements for registration and voting, including non-

---

28 [2] The records described by the Public Disclosure Provision are common referred to as "voter list maintenance records."

citizenship, he engages in an activity or program within the Public Disclosure Provisions scope.

27.     The records requested by the Attorney General are records within the scope of the NVRA's Public Disclosure Provision.  52 U.S.C. § 20507(i)(1)

28.     As a result, Plaintiff offered Defendant a deadline of June 20, 2025, to provide the unredacted information, else Plaintiff would file litigation no later than Tuesday June 24, 2025.

29.     On June 23, 2025, the Defendant through Assistant County Attorney James Steinmann confirmed by telephone, that the Defendant would not be providing the requested unredacted records.

30.     Defendant's refusal to provide unredacted information prevents the Attorney General from determining if the Defendant is complying with the list maintenance requirements of both the HAVA and the NVRA.

31.     As evidenced by the Defendant's response on June 16, 2025, the records the Attorney General seeks are in his possession.

32.     Under § 401 of HAVA, 52 U.S.C. § 21111, the Attorney General has enforcement authority over Sections 301, 302, and 303 of Title III of HAVA, including 52 U.S.C § 21083(a)(2).

33.     Under § 11 of the NVRA, 52 U.S.C. § 20510, the Attorney General has enforcement authority over Section 8 of the NVRA, including 52 U.S.C § 20507(a)(4) and § 20507 (i).

### V. **COUNT ONE**
**Violation of Section 303(a)(2)(B)(ii) of HAVA, 52 U.S. Code § 21083**

34.     Plaintiff realleges the preceding paragraphs as if fully stated herein.

35.     Pursuant to HAVA, the Defendant is responsible for removing voters who are "not eligible to vote."

36. Non-citizens are ineligible to vote pursuant to federal and California state law.

37. The Attorney General has enforcement authority to ensure compliance with the list maintenance requirements of HAVA.

38. Pursuant to that authority, the Attorney General is entitled to receive from the Defendants unredacted copies of the information requested in Exhibit 1 to validate Defendant's HAVA compliance.

39. Unless and until ordered to do so by this Court, the Defendant's refusal to provide these records prevents the Attorney General from making a determination of the Defendant's compliance with the list maintenance requirements of HAVA and represents an ongoing violation of the law.

## VI.    COUNT TWO

**Violation of Section 8(a)(4) and 8(i) of the NVRA, 52 U.S. Code § 20507(a)(4); 20507 (i)**

40. Plaintiff restates and incorporates the preceding paragraphs as if fully stated herein.

41. Pursuant to the NVRA and applicable California law, the Defendant is responsible for removing ineligible voters from the statewide voter registration list.

42. The Attorney General has enforcement authority to ensure compliance with the requirements of the NVRA.

43. The Attorney General is entitled to receive from the Defendant unredacted copies of the information requested in Exhibit 1 to validate the Defendant's compliance with disclosure requirements of the NVRA.

44. Unless and until ordered to do so by this Court, the Defendant's refusal to provide these records prevents the Attorney General from making a determination of the Defendant's compliance with the list maintenance requirements of the NVRA and represents an ongoing violation of the NVRA's disclosure requirements.

## VII. PRAYER FOR RELIEF

WHEREFORE, the United States of America prays for this Court to enter an order:

45. Declaring that Defendant Page is not in compliance with HAVA and is obligated to provide the unredacted information requested by the Attorney General in Exhibit 1;

46. Declaring that Defendant Page is in violation of the NVRA's disclosure requirements and is obligated to provide the unredacted information requested by the Attorney General in Exhibit 1;

47. Enjoin the Defendant from failing or refusing to comply with the requirements of HAVA or the NVRA, including the Attorney General's enforcement authority, going forward; and

48. Any other relief this Court deems just and proper.

DATED: June 25, 2025

Respectfully submitted,

| | |
|---|---|
| BILAL A. ESSAYLI<br>United States Attorney<br>Central District of California<br>DAVID M. HARRIS<br>Chief, Civil Division<br>*/s/ Katherine M. Hikida*<br>KATHERINE M. HIKIDA<br>Assistant United States Attorney | HARMEET K. DHILLON<br>Assistant Attorney General<br>Civil Rights Division<br><br><br>*/s/ Michael E. Gates*<br>MICHAEL E. GATES<br>Deputy Assistant Attorney General<br>Civil Rights Division<br>MAUREEN RIORDAN<br>Acting Chief, Voting Section<br>Civil Rights Division<br>KEVIN MUENCH<br>Attorney, Voting Section<br>Civil Rights Division |