LEON J. PAGE, COUNTY COUNSEL
REBECCA S. LEEDS, Senior Deputy (SBN 221930)
SUZANNE E. SHOAI, Senior Deputy (SBN 232866)
400 West Civic Center Drive, Suite 202
Post Office Box 1379
Santa Ana, California 92702-1379
Telephone: (714) 834-3300
Facsimile:  (714) 560-4552

Attorneys for Defendant,
ROBERT PAGE, in his official capacity as
Registrar of Voters for Orange County

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT PAGE, in his official capacity as Registrar of Voters for Orange County, California,<br><br>Defendant. | Case No.: 8:25-cv-01370-DOC-ADS<br><br>Assigned to:  Hon. David O. Carter<br><br>Magistrate Judge:<br>Hon. Autumn D. Spaeth<br><br>**ANSWER OF DEFENDANT, ROBERT PAGE, REGISTRAR OF VOTERS FOR THE COUNTY OF ORANGE, TO COMPLAINT**<br><br>Action filed: June 25. 2025 |

Defendant, Robert Page, in his official capacity as Registrar of Voters for Orange County (hereinafter "Page"), submits this answer in response to the Complaint for Declaratory and Injunctive Relief (hereinafter "Complaint") filed by Plaintiff, the United States of America (hereinafter "Plaintiff") on June 25, 2025 [ECF No. 1] as follows:

//
//
//
//
//
//

## I. ANSWER TO "INTRODUCTION"

Responding to the "Introduction," Page denies that he has violated or is violating Section 303(a) of the HAVA, 52 U.S.C § 21083(a)(2) or Section 8 of the NVRA, 53 U.S.C. § 20507(a)(4). Page submits that the "Introduction" contains legal conclusions or arguments that require no answer but, to the extent the "Introduction" contains allegations of fact, Page denies the allegations.

## II. ANSWER TO "JURISDICTION AND VENUE"

1. Responding to Paragraph 1, Page submits that the Paragraph contains legal conclusions or arguments that require no answer but, to the extent the Paragraph contains allegations of fact, Page denies the allegations in Paragraph 1.

2. Responding to Paragraph 2, Page submits that the Paragraph contains legal conclusions or arguments that require no answer but, to the extent the Paragraph contains allegations of fact, Page denies the allegations in Paragraph 2.

## III. ANSWER TO "PARTIES"

3. Responding to Paragraph 3, Page submits that the Paragraph contains legal conclusions or arguments that require no answer but, to the extent the Paragraph contains allegations of fact, Page denies the allegations in Paragraph 3.

4. Responding to Paragraph 4, Page submits that the Paragraph contains legal conclusions and arguments that require no answer but, to the extent the Paragraph contains allegations of fact, Page admits that the Attorney General may bring a civil action in an appropriate district court for such declaratory or injunctive relief as is necessary to carry out the provisions of the NVRA. Except as expressly admitted or submitted herein, Page denies the remaining allegations in Paragraph 4.

5. Responding to Paragraph 5, Page submits that California Government Code section 26802 speaks for itself and admits that, as the Registrar of Voters for the County of Orange, he is required to "register as voters any electors who apply for registration and shall perform any other duties required of him or her by the Elections Code." Page further alleges that his Mission Statement as stated on the website for the Orange County

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

Registrar of Voters is, "To provide election services for the citizens of Orange County to ensure equal access to the election process, protect the integrity of votes, and maintain a transparent, accurate and fair process." Except as expressly admitted or alleged herein, Page denies the remaining allegations in Paragraph 5.

6. Responding to Paragraph 6, Page admits that he must comply with the law. Page alleges that, as a county elections official he is responsible for coordinating with the California Secretary of State and each applicable voter registration agency within the county to administer the voter registration services required under California Elections Code section 2400, et seq. and the NVRA. Page further alleges that as a county elections official he must comply with regulations promulgated by the California Secretary of State, which establish standards and procedures for processing, transmitting, and maintaining voter registration records in a manner that conforms with the statewide voter registration system requirements set forth in HAVA, the NVRA, and state law. Except as expressly admitted or alleged herein, Page denies the remaining allegations in Paragraph 6.

7. Responding to Paragraph 7, Page admits the allegations in their entirety.

8. Responding to Paragraph 8, Page admits the allegations in their entirety.

## IV. ANSWER TO "FACTUAL ALLEGATIONS"

9. Responding to Paragraph 9, Page submits that the text of HAVA speaks for itself. Page alleges that Orange County was one of the original five pilot counties in California that implemented VoteCal, which provides a single, uniform, official, centralized, interactive computerized statewide voter registration list that meets HAVA requirements. Page submits that the remainder of Paragraph 9 contains legal conclusions or arguments that require no answer but, to the extent the remainder of Paragraph 9 contains allegations of fact, and except as expressly admitted or alleged, Page denies the remaining allegations in Paragraph 9.

10. Responding to Paragraph 10, Page submits that the text of HAVA speaks for itself and that the Paragraph contains legal conclusions or arguments that require no

answer but, to the extent Paragraph 10 contains allegations of fact, Page denies the allegations in Paragraph 10.

11. Responding to Paragraph 11, Page submits that the text of the NVRA speaks for itself and that the Paragraph contains legal conclusions or arguments that require no answer but, to the extent the Paragraph contains allegations of fact, Page denies the allegations in Paragraph 11.

12. Responding to Paragraph 12, Page submits that 18 U.S.C. § 611 and 18 U.S.C. § 1015 speak for themselves. Except as expressly admitted herein, Page denies the remaining allegations in Paragraph 12.

13. In answer Paragraph 13, Page admits that United States citizenship is a qualification to register and vote in California. Page alleges this is true except where voters in a charter city have voted to authorize noncitizens to vote in a local election that is governed by the charter. Page further alleges that no charter city in Orange County authorizes noncitizens to vote in local elections that are governed by the city's charter. Except as expressly admitted or alleged herein, Page denies the remaining allegations in Paragraph 13.

14. Responding to Paragraph 14, Page submits that the text of HAVA and the NVRA speaks for itself and that the Paragraph contains legal conclusions or arguments that require no answer but, to the extent the Paragraph contains allegations of fact, Page denies the remaining allegations in Paragraph 14.

15. Responding to Paragraph 15, Page submits that California Government Code section 26802 speaks for itself, and admits that as the Registrar of Voters for the County of Orange he is required to "register as voters any electors who apply for registration and shall perform any other duties required of him or her by the Elections Code." Except as expressly submitted or admitted herein, Page denies the remaining allegations in Paragraph 15.

16. Responding to Paragraph 16, Page admits the allegations in their entirety.

17. Responding to Paragraph 17, Page admits that he evaluates the eligibility for

voter registration and must reject or cancel the registration of a registrant who does not meet eligibility requirements. Page alleges that California Elections Code section 2111 provides that a "person may prove he or she is a citizen by his or her certification under penalty of perjury on the affidavit of registration." Page further alleges that, under California Elections Code section 2112, "[n]otwithstanding any other provision of law to the contrary, the fact that a person certifies to his or her United States citizenship by signing his or her affidavit of registration shall be deemed evidence of citizenship for voting purposes only." Page alleges that if a registrant fails to certify that they are a United States citizen as required the California Elections Code, Page must reject the voter registration. Except as expressly submitted, admitted or alleged herein, Page denies the remaining allegations in Paragraph 17.

## Answer to "The Attorney General Received a Complaint that a non-Citizen Received an Unsolicited Mail-in Ballot"

18. Responding to Paragraph 18, Page lacks knowledge or information sufficient to enable him to admit or deny the allegations, and therefore denies them.

19. Responding to Paragraph 19, Page admits that on or about June 2, 2025 he received a letter from the United States Department of Justice, Civil Rights Division, a copy of which is attached hereto as Exhibit A. Page admits that the letter contains a request for the following documents:

> 1. Records from January 1, 2020, to the present showing the number of voter registration records in Orange County cancelled because the registrant did not satisfy the citizenship requirements for voter registration.
>
> 2. Records from January 1, 2020, to the present related to each cancellation described in Request No. 1, including copies of each registrant's voter registration application, voter registration record, voting history, and related correspondence sent or received by the County of Orange Registrar of Voters in regard to the registration.

Page alleges that the letter did not enclose or reference a search warrant or subpoena for the requested records. Except as expressly admitted or alleged herein, Page denies the remaining allegations in Paragraph 19.

20. Responding to Paragraph 20, Page admits that on June 16, 2025, he responded to the USDOJ's letter with a letter, a copy of which is attached hereto as Exhibit B. Page admits that he produced records responsive to the USDOJ's request but redacted sensitive personal information consisting of California driver's license and identification card numbers, social security numbers, California Secretary of State-assigned voter identification numbers, language preference, and images of registrants' signatures. Page alleges that he also redacted the race of voters and further alleges that the unprotected disclosure of such sensitive personal information without a subpoena or court order is prohibited by California and federal law. Except as expressly admitted or alleged herein, Page denies the remaining allegations in Paragraph 20.

21. Responding to Paragraph 21, Page admits that on or about June 17, 2025 he received a letter from the USDOJ, a copy of which is attached hereto as Exhibit C. Page alleges that the USDOJ acknowledged receipt of records in response to its request but demanded that Page produce unredacted copies of the records, including the registrant's California driver's license and identification card numbers, social security numbers, California Secretary of State-assigned voter identification numbers, language preference, and images of registrants' signatures. Page alleges that the USDOJ stated that "the California statutes on which you relied to redact the information is pre-empted when it conflicts with our enforcement authority under HAVA." Page submits that the remainder of Paragraph 21 contains legal conclusions or arguments that require no answer but, to the extent the Paragraph contains allegations of fact, and except as expressly admitted or alleged, Page denies the remaining allegations in Paragraph 21.

22. Responding to Paragraph 22, Page submits that 52 U.S.C. § 20507(i)(1) speaks for itself. Page further submits that the remainder of Paragraph 22 contains legal conclusions and arguments that require not answer but, to the extent the Paragraph contains allegations of fact, and except as expressly submitted, Page denies the remaining allegations in Paragraph 22.

23. Responding to Paragraph 23, Page submits that the Paragraph contains legal

conclusions or arguments that require no answer but, to the extent the Paragraph contains allegations of fact, Page denies the remaining allegations in Paragraph 23.

24. Responding to Paragraph 24, Page submits that the Paragraph contains legal conclusions or arguments to which no response is required but, to the extent the Paragraph contains allegations of fact, Page denies the remaining allegations in Paragraph 24.

25. Responding to Paragraph 25, Page submits that the Paragraph contains legal conclusions or arguments that require no answer but, to the extent the Paragraph contains allegations of fact, Page denies the remaining allegations in Paragraph 25.

26. Responding to Paragraph 26, Page submits that the Paragraph contains legal conclusions or arguments that require no answer but, to the extent the Paragraph contains allegations of fact, Page denies the remaining allegations in Paragraph 26.

27. Responding to Paragraph 27, Page submits that the Paragraph contains legal conclusions or arguments that require no answer but, to the extent the Paragraph contains allegations of fact, Page denies the remaining allegations in Paragraph 27.

28. Responding to Paragraph 28, Page admits that in its letter dated June 17, 2025, the USDOJ demanded that Page produce unredacted copies of the records Page had previously provided by June 20, 2025 and stated that if Page failed to provide the requested information, the USDOJ intended to file a lawsuit in federal district court no later than Tuesday June 24, 2025.  Page alleges that Page's counsel responded in writing to the USDOJ's demand in a letter dated June 20, 2025, a copy of which is attached hereto as Exhibit D.  Page alleges that his counsel provided an explanation of the laws and public policy, which were the basis of the redactions, and stated: "If the Department of Justice can provide legal authority that requires the Registrar of Voters to produce the sensitive information redacted here without a subpoena and without any protection from public disclosure, we would certainly be open to further consideration of the matter." Except as expressly admitted or alleged herein, Page denies the remaining allegations in Paragraph 28.

29. Responding to Paragraph 29, Page alleges that on June 24, 2025, after Page's counsel provided assistance over the weekend to the USDOJ to access the records produced by Page and staff, his counsel sent an email to the USDOJ stating:

> We would like to confirm that you received and were able to open the Registrar of Voters' responsive records.
>
> Thanks for your explanation that the matter revolves around Orange County's compliance with HAVA. We provided records demonstrating such compliance, though the identifying numbers were redacted as required by California law.
>
> You stated that the USDOJ requires unredacted driver's license, social security, and voter ID numbers to be able to confirm such compliance. To avoid a lawsuit, would the USDOJ consider another mechanism to enable the County to provide the USDOJ with this sensitive information? For example, would the USDOJ be amenable to entering into a confidentiality agreement that would enable us to provide records with assurances that such sensitive personal identifiers will remain confidential and be used for governmental purposes only?
>
> If that is a possible avenue to resolving the matter, we may be able to work out the details in a way that suits the needs of all parties.

Except as expressly admitted or alleged herein, Page denies the remaining allegations in Paragraph 29.

30. Responding to Paragraph 30, Page denies the allegations in their entirety.

31. Responding to Paragraph 31, Page admits that his office possesses unredacted copies of the records he produced to the USDOJ in response to its request. Except as expressly admitted herein, Page denies the remaining allegations in Paragraph 31.

32. Responding to Paragraph 32, Page submits that the Paragraph contains legal conclusions or arguments that require no answer but, to the extent the Paragraph contains allegations of fact, Page denies the remaining allegations in Paragraph 32.

33. Responding to Paragraph 33, Page submits that the Paragraph contains legal conclusions or arguments that require no answer but, to the extent the Paragraph contains allegations of fact, Page denies the remaining allegations in Paragraph 33.

//

## V. ANSWER TO "COUNT ONE

## Violation of Section 303(a)(2)(B)(ii) of HAVA, 52 U.S. Code § 21083"

34. Responding to Paragraph 34, Page submits that the Paragraph does not contain any factual allegations. Page hereby incorporates by reference his response to paragraphs 1 through 33, inclusive, as though set forth fully herein.

35. Responding to Paragraph 35, Page submits that the Paragraph contains legal conclusions or arguments that require no answer but, to the extent the Paragraph contains allegations of fact, Page denies the remaining allegations in Paragraph 35.

36. Responding to Paragraph 36, Page admits that non-citizens are ineligible to vote in state, local and federal elections conducted within the County of Orange. Page submits that the remainder of Paragraph 36 contains legal conclusions or arguments that require no answer but, to the extent the Paragraph contains allegations of fact, and except as expressly admitted or submitted, Page denies the remaining allegations in Paragraph 36.

37. Responding to Paragraph 37, Page submits that the Paragraph contains legal conclusions or arguments that require no answer but, to the extent the Paragraph contains allegations of fact, Page denies the remaining allegations in Paragraph 37.

38. Responding to Paragraph 38, Page denies the allegations in their entirety.

39. Responding to Paragraph 39, Page denies the allegations in their entirety and alleges that the records he produced demonstrate that Page obtained either a driver's license number or the last four digits of a social security number for each registrant for whom Page produced records in response to the USDOJ's request.

## VI. ANSWER TO "COUNT TWO

## Violation of Section 8(a)(4) and 8(i) of the NVRA, 52 U.S. Code § 20507(a)(4); 20507 (i)"

40. Responding to Paragraph 40, Page submits that the Paragraph does not contain any factual allegations. Page hereby incorporates by reference his response to paragraphs 1 through 39, inclusive, as though set forth fully herein.

41. Responding to Paragraph 41, Page submits that the Paragraph contains legal conclusions or arguments that require no answer but, to the extent the Paragraph contains allegations of fact, Page denies the remaining allegations in Paragraph 41.

42. Responding to Paragraph 42, Page submits that the Paragraph contains legal conclusions or arguments that require no answer but, to the extent the Paragraph contains allegations of fact, Page denies the remaining allegations in Paragraph 42.

43. Responding to Paragraph 43, Page admits that under the NVRA, 52 U.S.C. § 20507(i)(1), members of the public may inspect records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters. Page further alleges that he produced records to the USDOJ in compliance with the disclosure requirements of the NVRA, and alleges that the NVRA authorizes him to withhold sensitive information that he is required to protect from disclosure under California law, including a registrant's California driver's license and identification card numbers, social security numbers, California Secretary of State-assigned voter identification numbers, language preference, race, and images of a registrant's signature. Except as expressly admitted or alleged herein, Page denies the remaining allegations in Paragraph 43.

44. Responding to Paragraph 44, Page denies the allegations in their entirety.

## VII.   ANSWER TO "PRAYER FOR RELIEF"

Responding to the "Prayer for Relief," Page denies that Plaintiff is entitled to any relief whatsoever.

## GENERAL DENIAL

Unless expressly, unequivocally admitted above, Page denies all of the allegations set forth in the Complaint.

## AFFIRMATIVE DEFENSES

Page hereby pleads the following separate and additional defenses to the Complaint. By alleging the separate and additional defenses set forth below, Page intends no alteration of the burden of proof and/or burden of going forward with evidence

10
ANSWER OF DEFENDANT, ROBERT PAGE, REGISTRAR OF VOTERS FOR THE COUNTY OF ORANGE, TO COMPLAINT

that otherwise exists with respect to any issue at law or in equity. Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever. Without limiting or waiving any defenses available to it, and based on information and belief unless otherwise stated, Page alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Ripeness)**

The Complaint, in whole or in part, fails because the claims asserted against Page are not ripe for judicial review and must, therefore, be dismissed.

**THIRD AFFIRMATIVE DEFENSE**

**(Mootness)**

The Complaint is barred, in whole or in part, because some or all the allegations or claims in the Complaint are moot.

**FOURTH AFFIRMATIVE DEFENSE**

**(No Violation Of A Legal Duty)**

The Complaint is barred, in whole or in part, because Page did not violate any legal duty owed to Plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

The Complaint is barred, in whole or in part, by the doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

**(Conduct Not Wrongful)**

The Complaint is barred, in whole or in part, because Page's conduct was not wrongful or otherwise unlawful.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust)

The Complaint is barred, in whole or in part, because Plaintiff failed to comply with administrative exhaustion requirements.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Cognizable Cause of Action)

The Complaint is barred, in whole or in part, because Plaintiff has failed to allege a cognizable cause of action for its claims.

## NINTH AFFIRMATIVE DEFENSE

### (Speculation)

The Complaint is barred, in whole or in part, because Plaintiff's allegations regarding its actions for declaratory or injunctive relief are based upon mere speculation and there is insufficient evidence that any future harm complained of will or will not occur.

## TENTH AFFIRMATIVE DEFENSE

### (No Likelihood of Future Injury or Irreparable Harm)

The Complaint is barred, in whole or in part, because Plaintiff's allegations regarding its actions for declaratory or injunctive relief do not show or allege sufficient likelihood of future injury or irreparable harm.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Reasonable Likelihood of Success)

The Complaint is barred, in whole or in part, because Plaintiff's allegations regarding its actions for declaratory or injunctive relief do not show or allege sufficient evidence of a reasonable likelihood of success.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Immediate or Irreparable Injury)

The Complaint is barred, in whole or in part, because Plaintiff's allegations regarding its actions for declaratory or injunctive relief do not show or sufficiently allege

the existence of immediate or irreparable injury.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Public Entity or Employee Exercising Due Care)

The Complaint is barred, in whole or in part, because neither a public entity or public employee is liable for his act or omission, exercising due care, in the execution or enforcement of any law.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Public Entity or Employee Exercising Discretion)

The Complaint is barred, in whole or in part, because neither a public entity or public employee is liable for any injury resulting from his act or omission where the act or omission was the result of the exercise of discretion vested in him.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Legality)

The Complaint is barred, in whole or in part, because the actions of Page were in all respects reasonable, proper and legal.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The Complaint is barred, in whole or in part, by reason of the Doctrine of Unclean Hands as the relief Plaintiff seeks contravenes multiple injunctions issued by multiple federal courts, enjoining the enforcement of Executive Order No. 14248.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Collateral Estoppel)

The Complaint is barred, in whole or in part, by the Doctrines of Collateral Estoppel and Res Judicata based upon multiple injunctions issued by multiple federal courts enjoining the enforcement of Executive Order No. 14248.

## RESERVATION OF ADDITIONAL DEFENSES

Page reserves his right to add, delete, or modify any and all defenses which may pertain to the Complaint that are now or may become available in this action through

clarification or amendment of the Complaint, through discovery, through further legal analysis of Plaintiff's or Page's claims and positions in this litigation, or otherwise.

## PRAYER FOR RELIEF

WHEREFORE, Page prays that judgment be entered as follows:

A. That Plaintiff take nothing by reason of its Complaint;

B. That no declaratory judgments, preliminary or permanent injunctions, be issued in this matter;

C. The Complaint be dismissed with prejudice;

D. That Defendant recover costs of suit, including attorneys' fees; and

E. That Defendant be awarded such other and further relief as the Court deems just and proper.

DATED: July 23, 2025

Respectfully submitted,

LEON J. PAGE, COUNTY COUNSEL
REBECCA S. LEEDS, SENIOR DEPUTY
SUZANNE E. SHOAI, SENIOR DEPUTY

By:     */s/ Rebecca S. Leeds*
Rebecca S. Leeds
Suzanne E. Shoai
Attorneys for Defendant, Robert Page