IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff(s),<br><br>v.<br><br>ROBERT PAGE, in his official capacity as Registrar of Voters for Orange County, California<br><br>Defendant(s). | CASE NO:<br>8:25-CV-01370-DOC-ADS |

**RULE 26(F) CONFERENCE REPORT**

1.  Factual Summary of the Case and Including Claims and Defenses

**Plaintiff's Position:**

The Attorney General recently received a complaint from the family of a non-citizen in Orange County indicating that the non-citizen received an unsolicited mail-in ballot from the Defendant. On June 2, 2025, the Attorney General requested the Defendant share the number of voter registration records in Orange County cancelled because the registrant did not satisfy the citizenship requirements for voter registration, including each registrant's

1

voter registration application, voter registration record, voting history, and related correspondence. The letter also advised the Defendant that the Plaintiff had received complaints alleging that non-citizens were receiving mail ballots in Orange County elections. In that letter we also requested information regarding the Defendant's compliance with the Help America Vote Act's ("HAVA") list maintenance requirements for removal of ineligible voters.

On June 16, 2025, in response to the Plaintiff's request the Defendant provided certain records alleged to show the removal of thirteen non-citizen registrations from Orange County voter rolls between 2000 and the present. However, the Defendant redacted the registrant's California driver's license and identification card numbers, social security numbers, California Secretary of State-assigned voter identification numbers, language preference, and images of registrants' signatures. In support of those redactions the Defendant alleged that it was acting in accordance with California Elections Code Section 2194, California Government Code Section 7924.000 and California Government Code Section 7924.005.

On June 17, 2025, the Plaintiff requested unredacted information pursuant to the enforcement authority of HAVA no later than June 20, 2025. The Plaintiff further advised that if unredacted information was not provided, the Plaintiff intended to file a lawsuit against the Defendant. The Plaintiff explained several times on phone calls with the Defendant, however, the Defendant refused to cooperate.

On June 20, 2025, the Defendant responded to the Plaintiff's request for unredacted information by refuting the enforcement provision of HAVA and continued refusal to provide unredacted voter information relying on

2

California Elections Code Section 2194, California Government Code Section 7924.000 and California Government Code Section 7924.005.

On June 25, 2025, the United States filed suit against the Defendant in his official capacity as Registrar of Voters, alleging a violation of Section 303(a)(2)(B)(ii) of the Help America Voter Act ("HAVA"). The United States also alleges a violation of Section 8(a)(4) and 8(i) of the National Voter Registration Act ("NVRA"). On this same date, the Defendant offered to enter a confidentiality agreement after refusing to provide the requested information.

**Defendant's Position:**

On June 2, 2025, Defendant received Plaintiff's request for records showing the number of voter registration records in Orange County cancelled because the registrant did not satisfy the citizenship requirements for voter registration and records relating to each such cancelation. (As worded, the request sought, among other things, information for registrants who had renounced their citizenship.) On June 16, 2025, Defendant provided Plaintiff with responsive records, which included registrants' names, dates of birth, home addresses, and other identifying information. Because Plaintiff's request was not accompanied by a warrant or subpoena, and because Plaintiff refused Defendant's offer to produce this information subject to a confidentiality agreement, Defendant redacted sensitive personal information (i.e., California driver's license and identification card numbers, social security numbers, California Secretary of State assigned voter identification numbers, language preference, and images of registrants' signatures) from the production of documents.

3

With this lawsuit, Plaintiff challenges Defendant's redactions and argues that they violate Section 303(a)(2)(B)(ii) of HAVA and Section 8(a)(4) and 8(i) of the NVRA. However, state and federal law, in particular, California Elections Code Sections 2157.2 and 2194, California Government Code Section 7924.000, California Government Code Section 7924.005, the First, Fourth and Fourteenth Amendments to the United States Constitution, and the Privacy Act, require Defendant to maintain the confidentiality of this sensitive voter information. The state's statutes and its Secretary of State's regulations regarding the maintenance of voter rolls and voter information represent a proper exercise of the state's authority under the Tenth Amendment of the United States Constitution. In addition, no federal law authorizes Plaintiff to obtain the sensitive voter information it seeks from state or local elections officials without a subpoena or warrant for the purpose of enforcing HAVA or the NVRA. Moreover, Defendant complied with HAVA because he obtained the driver's license and social security numbers for the registrants as required by the statute. He also complied with the NVRA because he produced records that reflect his file maintenance activities.

2. Synopsis of Principal Issues

**Plaintiff's Position:**

There are four principal issues in this case.

    a. Whether the United States is entitled to unredacted versions of the requested data to ensure Orange County's compliance with Section 303(a)(2)(B)(ii) of HAVA, Section 8(a)(4) of the NVRA, and 8(i) of the NVRA.

4

b. Whether California State privacy law enables the State to provide unredacted versions of the requested data.

c. Whether California State Privacy laws are pre-empted by federal law

d. The Defendant has failed to comply with HAVA based on, *inter alia*, the fact that non-citizens have received mail ballots and are likely being registered to vote without the minimum required identification standards.

e. The Defendant has failed to comply with NVRA based on, *inter alia*, the fact that non-citizens have received mail in ballots and are likely registering to vote.

**Defendant's Position:**

Defendant agrees that items a through c are at issue but disputes that items d and e are at issue. Separately, Defendant asserts that whether Plaintiff is using the information it is collecting for activities unrelated to the enforcement of HAVA and the NVRA is an additional issue in this case.

3.    Statement of Likely Amendments and Party Additions

**Plaintiff's Position:**

The Plaintiff anticipates the possibility of adding additional parties and amending its pleadings accordingly. The Plaintiff will do so consistent with the Federal Rules of Civil Procedure and Local Rules of the Central District of California.

**Defendant's Position:**

To the extent that Plaintiff appears to be challenging the enforcement and validity of California election and privacy statutes and regulations promulgated by the California Secretary of State, Defendant may seek leave to amend his answer to include an affirmative defense of failure to name indispensable parties, including the State of California, California Secretary

5

of State and/or the individual registrants whose records are being sought. Defendant will do so consistent with the Federal Rules of Civil Procedure and Local Rules of the Central District of California.

4.    Issues Determined by Motion

The parties believe items "a" through "c" of the principal issues identified in Section 2 may be resolved by motion practice. During the parties' 26(f) conference, held on August 21, 2025, the Defendant stated his intent to file a 12(c) motion for judgment on the pleadings. While the Defendant believes that the motion will be dispositive of the entire case, Plaintiff contends that it will not dispose of the issues "d" and "e" identified in Section 2 above.

5.    Settlement Discussions

The parties engaged in informal settlement discussions in an attempt to resolve the matter without litigation.  However, the attempt to settle was not successful.

The parties make no selection as to preferred settlement procedure and prefers the Court participate in facilitating settlement per L.R. 16-15.

6.    The following persons participated in a Federal Rule of Civil Procedure 26(f) conference on August 21, 2025, by videoconference:

Maureen Riordan, Kevin Muench, representing the United States, along with Justin Fields-Gray and Jeff Hylton, assisting counsel.

6

Rebecca Leads, Suzanne Shoai, and Mark Servino representing Orange County.

7.  Initial Disclosures.  The parties exchanged initial disclosures required by Rule 26(a)(1) on or before Tuesday, September 9, 2025.

8.  Discovery Plan:

(a) Discovery Subjects

    1) **Plaintiff's Position:**

    Discovery may be needed on these subjects:

        a.  The development of Orange County's voting processes;

        b.  The implementation of Orange County's voting processes;

        c.  The current state of Orange County's voting processes;

        d.  Orange County's current voter registration list, including the HAVA required California Driver's License identification numbers, last four digits of the registrant's social security number or the unique identifier.

        e.  Orange County's procedures for maintaining its voter registration list;

        f.  All records that Orange County uses when it conducts its list maintenance, including but not limited to Juror duty declinations;

        g.  All records of noncitizens that have been removed from the list of Orange County voters since the complaint was filed;

        h.  Any other records and/or documents showing compliance with HAVA and NVRA.

    2) **Defendant's Position:**

Defendant does not currently anticipate seeking discovery and contends that this lawsuit addresses issues of law for which no discovery is necessary.

7

Defendant also suggests that, in order conserve party resources, the discovery should be timed to follow the Court's ruling on the Defendant's anticipated Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c).

(a) Proposed Discovery Deadlines and Pretrial/Trial Dates:

    1) **Plaintiff's Position:**

    Plaintiff proposes the following deadlines:

      a. All fact discovery should be completed by Monday, December 1, 2025.

      b. Initial expert disclosures should occur by Monday, October 27, 2025.

      c. Rebuttal expert disclosure should occur by Monday, November 10, 2025.

      d. The deadline for hearings on dispositive motions should be Monday, January 26, 2026.  The parties will file dispositive motions no later than December 19, 2025. Responses to such motions will be filed no later than January 16, 2026.

      e. Final pre-trial conferences should occur Monday, March 9, 2026.

      f. The deadline for settlement conference should be Monday, March 16, 2026.

      g. Trial should begin Tuesday, March 31, 2026.

            i. The parties jointly propose a bench trial, lasting at maximum five days.

    2) **Defendant's Position:**

    Defendant proposes the following deadlines:

      a. All fact discovery should be completed by Monday, March 2, 2026.

8

  b. Initial expert disclosures should occur by Monday, February 2, 2026.

  c. Rebuttal expert disclosure should occur by Monday, February 23, 2026.

  d. The deadline for hearings on dispositive motions should be Monday, April 27, 2026.

  e. Final pre-trial conferences should occur Monday, June 8, 2026.

  f. The deadline for settlement conference should be Monday, June 15, 2026.

  g. Trial should begin Tuesday, June 30, 2026.

    i. The parties jointly propose a bench trial, lasting at maximum five days.

 c. Discovery Limitations:

 1) **Plaintiff's Position:**

Plaintiff proposes the following regarding discovery:

 a. Depositions: Each party may conduct up to ten depositions without further leave of the Court, excluding experts and parties.

  i. Unless otherwise stipulated or ordered by the Court, each deposition will be limited to 1 day of 7 hours. Designation under Rule 30(b)(6) of an individual who has been deposed or will be deposed pursuant to Rule 30(b)(1) will not impact the time permitted for either deposition.

 b. Interrogatories: Each party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. The responding party must serve its answers and any objections within 30 days after being served with such interrogatories, absent a standalone stipulation.

9

c.  Document requests: Each party may serve on any other party an unlimited number of document requests, subject to Rule 26(b) proportionality limitations.  The party to whom the request is directed must serve a written answer or objection within 30 days after being served, absent a standalone stipulation, otherwise the subject of the request will be deemed admitted.

d.  Requests for Admission: Each party may serve on any other party an unlimited number of requests for admission, subject to Rule 26(b) proportionality limitations. The party to whom the request is directed must serve a written answer or objection within 30 days after being served, absent a standalone stipulation, otherwise the subject of the request will be deemed admitted.

2) **Defendant's Position**:

Defendant does not believe that the Court needs to make any orders in relation to Plaintiff's items a through d above.  If/when discovery proceeds, the parties will adhere to the Federal Rules of Civil Procedure and the Local Rules.  Regarding limitations on discovery, Defendant suggests that, in order conserve party resources, discovery should be timed to follow the Court's ruling on the Defendant's anticipated Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c).

e.  The parties propose the following regarding discovery:

Electronically Stored Information (ESI): The parties agree to take reasonable steps to preserve and produce relevant ESI in a reasonably usable format. ESI shall be produced in PDF or native format, as appropriate to ensure usability and consistent with the producing party's usual course of business, unless otherwise agreed. The parties will confer in good faith regarding any issues

10

1    related to the scope, format, or burden of ESI production, and will address any

2    disputes under the Court's applicable discovery procedures.

3

4

5    For the United States,

6

7    BILAL A. ESSAYLI                    HARMEET K. DHILLON

8    United States Attorney              Assistant Attorney General

9    Central District of California      Civil Rights Division

10   DAVID M. HARRIS

11                                       /s/ *Maureen Riordan*

12                                       MICHAEL E. GATES

13                                       Deputy Assistant Attorney General
                                         Voting Section, Civil Rights Division

14                                       MAUREEN RIORDAN
                                         Acting Chief

15                                       Voting Section, Civil Rights Division

16                                       BRITTANY E. BENNETT

17                                       Trial Attorney
                                         Voting Section, Civil Rights Division

18

19   Date: ___9/10/2025_____

20

21   For Orange County, California:

22                                       LEON J. PAGE, COUNTY COUNSEL
                                         SUZANNE E. SHOAI, SENIOR DEPUTY

23

24                                       /s/ *Suzanne E. Shoai*_____
                                         with express permission by Brittany E. Bennett

25                                       SUZANNE E. SHOAI.
                                         Senior Deputy

26

27                                       Attorney for Defendant, ROBERT PAGE, in
                                         his official capacity as Registrar of Voters

28                                       for Orange County

     Date: ___9/10/2025_____

                                    11