1  HARMEET K. DHILLON
   Assistant Attorney General
2  Civil Rights Division
3  MICHAEL E. GATES
4  Deputy Assistant Attorney General
   Civil Rights Division
5  MAUREEN RIORDAN
6  Senior Counsel, Voting Section
   Civil Rights Division
7  BRITTANY E. BENNETT
8  Trial Attorney, Voting Section
   Civil Rights Division
9       U.S. Department of Justice
10      4 Constitution Square, Room 8.141
11      150 M Street NE
        Washington, D.C. 20002
12      Telephone: (202) 704-5430
13      Email: Brittany.Bennett@usdoj.gov

14 Attorneys for Plaintiff, UNITED STATES OF AMERICA

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>ROBERT PAGE, in his official capacity as Registrar of Voters of Orange County, California,<br><br>Defendant. | CASE NO:8:25-CV-01370-DOC-ADS<br><br>HON. DAVID O. CARTER<br><br>MOTION FOR WAIVER OF ADR REQUIREMENT |

### **PLAINTIFF'S MOTION FOR WAIVER OF ADR REQUIREMENT**

Pursuant to Local Rule 16-15.4(c) of the United States District Court for the Central District of California, Plaintiff respectfully requests an order waiving the requirement to participate in the Court's Alternative Dispute Resolution ("ADR")

2

program on the ground that ADR participation would be futile and inappropriate under the circumstances of this case. Undersigned has conferred with opposing counsel and files this motion unopposed. In support of this Request, the undersigned states as follows:

## I. RELEVANT BACKGROUND

1. This action arises from violations of Section 303(a)(2)(B)(ii) HAVA and Section 8(a)(4) and 8(i) of the NVRA.
2. On September 10, 2025, the parties filed their Joint Rule 26(f) Report, and the Court issued a Scheduling Order requiring the parties to participate in one of the Court's ADR procedures in accordance with Local Rule 16-15 et seq.
3. The undersigned has conferred with opposing counsel and has attempted in good faith to explore the possibility of resolution, but those efforts have conclusively demonstrated that ADR would serve no useful purpose in this case.

## II. COURT DISCRETION

The Court has discretion to waive the ADR requirement pursuant to Local Rule 16-15.9 which states, in relevant part, that "The provisions of this rule are not exclusive and nothing in this rule shall preclude any district judge or magistrate judge of the Court from dispensing with any provision of this rule as to any case or category of cases, as the judge, in his or her discretion, determines to be appropriate."

## III. BASIS FOR WAIVER – FUTILITY OF MEDIATION

Participation in any form of court-ordered ADR would be futile for the

following reasons:

### A. Nature of the Claims

The legal issues in this case are such that resolution through ADR is not realistic. The claims involve non-negotiable matters of statutory interpretation, which are not amenable to compromise. There are pure questions of law requiring judicial determination, and no disputed factual issues that would benefit from mediation.

### B. Prior Settlement Efforts Have Failed

Prior to this request, the parties engaged in informal settlement talks, which were unsuccessful. These efforts further confirmed the parties' entrenched positions and the futility of additional ADR attempts.

### C. Cost and Delay

Mandating participation in ADR under these circumstances would impose unnecessary costs and cause unwarranted delay in the litigation process, contrary to Fed. R. Civ. P. 1's directive that the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action."

## IV. CONCLUSION

For the foregoing reasons, participation in ADR pursuant to L.R. 16-15 would be futile, inefficient, and would not materially advance the resolution of this matter. Therefore, Plaintiff respectfully requests that the Court waive the ADR requirement pursuant to Local Rule 16-15.4(c).

| | |
|---|---|
| DATED: October 6, 2025 | Respectfully submitted,<br><br>HARMEET K. DHILLON<br>Assistant Attorney General<br>Civil Rights Division<br><br>/s/ Michael E. Gates<br>MICHAEL E. GATES<br>Deputy Assistant Attorney General<br>MAUREEN RIORDAN<br>Acting Chief, Voting Section<br>BRITTANY E. BENNETT<br>Trial Attorney, Voting Section<br>Civil Rights Division<br>U.S. Department of Justice<br>4 Constitution Square<br>150 M Street NE, Room 8.141<br>Washington, D.C. 20002<br>Telephone: (202) 704-5430<br>Email: brittany.bennett@usdoj.gov |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2025, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

/s/ *Brittany E. Bennett*
Brittany E. Bennett
Trial Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.141
Washington, D.C. 20002
Telephone: (202) 704-5430
Email: brittany.bennett@usdoj.gov