1  LEON J. PAGE, COUNTY COUNSEL
   SUZANNE E. SHOAI, SENIOR DEPUTY (SBN 232866)
2  suzy.shoai@coco.oc.gov
   DANIEL L. RICHARDS, DEPUTY (SBN 315552)
3  Daniel.richards@coco.ov.gov
   400 West Civic Center Drive, Suite 202
4  Post Office Box 1379
   Santa Ana, California 92702-1379
5  Telephone: (714) 834-3300
   Facsimile: (714) 560-4552
6
7  Attorneys for Defendant,
   ROBERT PAGE, in his official capacity as
   Registrar of Voters for Orange County
8
   [Additional Counsel continued on next page]
9

10                    **UNITED STATES DISTRICT COURT**

11                    **CENTRAL DISTRICT OF CALIFORNIA**

12                    **SOUTHERN DIVISION – SANTA ANA**

13

| | |
|---|---|
| 14  UNITED STATES OF AMERICA, | Case No.    8:25-cv-01370-DOC-ADS |
| 15 | Assigned to the Hon. David O. Carter |
| 16                    Plaintiff, | **[ Discovery Document: Referred to Magistrate Judge Autumn D. Spaeth ]** |
| 17 | |
| 18         v. | **JOINT STIPULATION RE: DEFENDANT ROBERT PAGE'S MOTION FOR PROTECTIVE ORDER PER FRCP 26(c) RE: PLAINTIFF'S NOTICE OF DEPOSITION OF "PERSON MOST KNOWLEDGABLE" ORANGE COUNTY REGISTRAR OF VOTERS** |
| 19 | |
| 20  ROBERT PAGE, in his official capacity as Registrar of Voters for Orange County, California, | |
| 21 | |
| 22 | [Fed. R. Civ. P. 26(c), L.R. 37-2; 37-3] |
| 23                    Defendant. | **DATE:        November 26, 2025**<br>**TIME:        10:00 a.m.**<br>**PLACE:       Ctrm, 6B, 6th Floor** |
| 24 | |
| 25 | Discovery Cutoff:        December 1, 2025 |
| 26 | Pretrial Conference:     March 9, 2026<br>Trial Date:              March 31, 2026 |
| 27 | |

28  [Additional Counsel continued from first page]

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

HARMEET K. DHILLON
        Assistant Attorney General
        Civil Rights Division
MICHAEL E. GATES
        Deputy Assistant Attorney General
        Civil Rights Division
MAUREEN RIORDAN
        Senior Counsel
        Civil Rights Division
BRITTANY E. BENNETT
        Trial Attorney, Voting Section
        Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.141
Washington, D.C. 20002
Telephone: (202) 704-5430
Email: Brittany.Bennett@usdoj.gov

Attorneys for Plaintiff, UNITED STATES OF AMERICA

//

//

//

//

//

//

//

//

//

//

//

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

# <u>TABLE OF CONTENTS</u>

<u>Page No(s)</u>

JOINT STIPULATION RE: DEFENDANT ROBERT PAGE'S MOTION FOR PROTECTIVE ORDER PER FRCP 26(c) RE: PLAINTIFF'S NOTICE OF DEPOSITION OF "PERSON MOST KNOWLEDGABLE" ORANGE COUNTY REGISTRAR OF VOTERS…...…………………………1

I. DEFENDANT'S INTRODUCTORY STATEMENT ......................................... 1

   A. Standards for Motion for Protective Order ........................................ 3

   B. Meet and Confer Requirements.......................................... 3

II. PLAINTIFF'S INTRODUCTORY STATEMENT ............................... 4

III. DEPOSITION TOPICS IN DISPUTE: .................................................. 5

   I. Implementation and Compliance with NVRA.................................... 5

   Defendant's Position: ........................................ 6

     A. The Testimony Sought through Topics 1–5 Is Outside the Scope of Permissible Discovery ........................................ 6

       1. Topics 1–5 Are Not Relevant to Any Parties' Claims or Defenses ........................................ 6

       2. The Testimony Sought Is Not Proportional to the Needs of the Case ........................................ 8

     B. Plaintiff May Not Use the Discovery Process to Support or Investigate Unpleaded Claims ........................................ 9

     C. Topics 1–5 Fail to Describe with Reasonable Particularity the Matters for Examination ........................................ 12

     D. Topics 1–5 Are Grossly Overbroad and, In Conjunction with the Other 26 Requests, Impose an Extraordinary and Undue Burden ........................................ 14

     E. The Information Sought through Topics 1–5 Should be Sought, If at All, through Interrogatories, Not a 30(b)(6) Deposition ............... 16

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

# TABLE OF CONTENTS (continued)

**Page No(s)**

F. Plaintiff Failed to Meet and Confer "About the Matters for Examination" Before or Shortly After Service of the Deposition Notice ................................................................ 17

G. Proposal to Resolve Dispute ................................................. 18

Plaintiff's Position: ...................................................................... 18

A. Legal Standard ...................................................................... 19

    1. Topics 1–5 Are Relevant to Plaintiff's Claims and Defendant's Defenses. ....................................................... 19

    2. The Discovery Sought Is Proportional to the Needs of the Case. ................................................................... 20

B. Plaintiff Is Not Engaging in a Fishing Expedition ............... 22

II. Voter List Maintenance under NVRA and HAVA ........................ *23*

Defendant's Position: .................................................................. 24

A. The Testimony Sought through Topics 6–12 Is Outside the Scope of Permissible Discovery ......................................... 24

    1. Topics 6–12 Are Not Relevant to Any Parties' Claims or Defenses ............................................................ 24

    2. The Testimony Sought Is Not Proportional to the Needs of the Case ........................................................ 25

B. Plaintiff May Not Use the Discovery Process to Support or Investigate Unpleaded Claims .......................................... 26

C. Topics 6–12 Fail to Describe With Reasonable Particularity the Matters for Examination ................................................. 28

D. Topics 6–12 Are Grossly Overbroad and, In Conjunction with the Other 24 Requests, Impose an Extraordinary and Undue Burden .................................................................... 31

E. The Information Sought through Topics 6–12 Should be Sought, If at All, through Interrogatories, Not a Rule 30(b)(6) Deposition ....... 32

OFFICE OF THE COUNTY COUNSEL COUNTY OF ORANGE

1

## <u>TABLE OF CONTENTS (continued)</u>

<u>Page No(s)</u>

F. Plaintiff Failed to Meet and Confer "About the Matters for Examination" Before or Shortly after Service of the Deposition Notice ................................................................. 33

G. Proposal to Resolve Dispute ..................................................... 34

Plaintiff's Position: ................................................................... 34

A. The Testimony Sought through Topics 6–12 Is Well Within the Scope of Permissible Discovery. ......................................... 34

1. Topics 6–12 Are Directly Relevant to Plaintiff's Claims ............... 35

2. The Testimony Sought Is Proportional to the Needs of the Case. ......................................................................... 36

3. Plaintiff May Use Discovery to Substantiate and Clarify Its Claims. ................................................................... 37

4. Topics 6–12 Describe the Matters for Examination with Reasonable Particularity. ................................................. 38

5. Defendant's Burden Claims Are Unsupported. .......................... 38

6. A Rule 30(B)(6) Deposition is a Proper Discovery Mechanism..... 40

7. Plaintiff Satisfied Rule 30(b)(6)'s Meet-and-Confer Requirement. 40

8. Conclusion and Proposal ................................................... 41

III. Identity Verification and HAVA Requirements ............................... 41

Defendant's Position: ............................................................... 41

A. The Testimony Sought Through Topics 13–18 Is Outside the Scope of Permissible Discovery ....................................... 41

1. Topics 13–18 Are Not Relevant to Any Parties' Claims or Defenses ..................................................................... 42

2. The Testimony Sought Is Not Proportional to the Needs of the Case ...................................................................... 43

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF CONTENTS (continued)

Page No(s)

B. Plaintiff May Not Use the Discovery Process to Support or Investigate Unpleaded Claims ............................................................ 44

C. Topics 13–18 Fail to Describe with Reasonable Particularity the Matters for Examination ............................................................ 46

D. Topics 13–18 Are Grossly Overbroad and, In Conjunction with the Other 25 Requests, Impose an Extraordinary and Undue Burden .................................................................................... 48

E. The Information Sought through Topics 13–18 Should be Sought, If at All, through Interrogatories, Not a Rule 30(b)(6) Deposition ....... 49

F. Plaintiff Failed to Meet and Confer "About the Matters for Examination" Before or Shortly after Service of the Deposition Notice ............................................................................ 50

G. Proposal to Resolve Dispute ............................................................ 51

Plaintiff's Position: .................................................................................... 52

IV. General Administration and Oversight ............................................................ 52

Defendant's Position: ............................................................................ 53

A. The Testimony Sought through Topics 19–31 is Outside the Scope of Permissible Discovery ............................................................ 53

1. Topics 19–31 Are Not Relevant to Any Parties' Claims or Defenses ............................................................................ 53

2. The Testimony Sought Is Not Proportional to the Needs of the Case ............................................................................ 55

B. Plaintiff May Not Use the Discovery Process to Support or Investigate Unpleaded Claims ............................................................ 56

C. Topics 19–31 Fail to Describe with Reasonable Particularity the Matters for Examination ............................................................ 58

D. Topics 19–31 Are Grossly Overbroad and, In Conjunction with the Other 18 Requests, Impose an Extraordinary and Undue Burden .................................................................................... 60

-vi-

## TABLE OF CONTENTS (continued)

Page No(s)

E. The Information Sought through Topics 19–31 Should Be Sought, If at All, through Interrogatories, Not a Rule 30(b)(6) Deposition....... 61

F. Plaintiff Failed to Meet and Confer "About the Matters for Examination" Before or Shortly after Service of the Deposition Notice.................................................................................. 62

G. Proposal to Resolve Dispute ................................................. 63

Plaintiff's Position: ............................................................................. 64

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

-vii-

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

# JOINT STIPULATION

## I.    DEFENDANT'S INTRODUCTORY STATEMENT

On June 2, 2025, Maureen Riordan, acting chief of the Department of Justice Voting Section, wrote to Defendant requesting records regarding voter registrations that were cancelled "because the registrant did not satisfy citizenship requirements." Shoai Decl. Ex. A (ECF 1: "Compl.") at Ex. 1. On June 16, 2025, Defendant produced the requested records. Shoai Decl. Ex. B (ECF 9: "Answer") at Ex. B. Minimal redactions were made to the records to comply with mandatory duties imposed by California law. *Id.*

On June 17, 2025, Plaintiff demanded unredacted copies, contending that the California statutes were somehow preempted by a federal statute that grants the Attorney General standing to "bring a civil action" for "declaratory and injunctive relief" to remedy specific violations of "election technology and administration requirements" imposed by federal law. *Compare* Answer Ex. C *with* 52 U.S.C. § 21111. On June 25, 2025, Plaintiff filed this lawsuit. *See* Compl. On September 25, 2025, Plaintiff served a "Notice of Deposition of Person Most Knowledgeable." Shoai Decl. Ex. C ("Notice").

Despite the broad rhetoric in the Complaint, the claims brought by Plaintiff present narrow questions of law. *Compare* Compl. at pp. 2:19–3:11 *with id.* at ¶¶ 37–39, 43–44. Under Federal Rule of Civil Procedure 26,[1] the scope of permissible discovery is similarly narrow, and none of the topics identified in Plaintiff's Notice fit within this scope.

Plaintiff's First Cause of Action is under the Help America Vote Act ("HAVA"), 52 U.S.C. §§ 20901, *et seq*. HAVA imposes various duties on election officers, including duties related to the maintenance of voter rolls. While HAVA "creates no private cause of action," *Bellitto v. Snipes*, 935 F.3d 1192, 1202 (11th Cir. 2019), Congress granted the Attorney General standing to seek declaratory and injunctive relief against states that fail to comply with "election technology and administration requirements." 52 U.S.C. § 21111. //

OFFICE OF THE COUNTY COUNSEL COUNTY OF ORANGE

---

[1] Further references to "Rules" are to the Federal Rules of Civil Procedure.

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

Plaintiff's apparent position is that this Congressional grant of standing also provides Plaintiff plenary authority to require the production of any documents Plaintiff believes germane to "validat[ing]" "HAVA compliance," Compl. at ¶ 38, without first seeking a warrant, subpoena, or otherwise involving the Judicial branch of the Unites States Government. Plaintiff does not acknowledge any oversight role by which a court might evaluate whether its demands are overbroad or invasive of fundamental privacy or associational rights, and whether any manner of protective order governing the dissemination of uniquely sensitive personal information is warranted.

The legal question presented by Plaintiff's First Cause of Action is whether that Congressional grant of standing provides Plaintiff unfettered powers to demand state books and records containing sensitive personal information. A narrower and related question is whether, assuming any such powers exist, such implied powers preempt state laws that require that uniquely sensitive information be redacted. *See* Cal. Elec. Code § 2194(b)(1)–(2); *see also* Cal. Gov. Code § 7924.000(b).

Plaintiff's Second Cause of Action is under the National Voter Registration Act ("NVRA"), 52 U.S.C. §§ 20510, *et seq*. The NVRA, among other things, requires that states implement procedures to maintain accurate voter registration lists. 52 U.S.C. § 20507 of the NVRA requires that States allow inspection or photocopying of "records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." Plaintiff's position is that this statute precludes redaction of even uniquely sensitive personal information and preempts all California laws that require state election officials to maintain the secrecy of sensitive personal information. *But see, e.g.*, *Pub. Int. Legal Found, Inc. v. North Carolina State Board of Elections*, 996 F.3d 257, 267 (4th Cir. 2021) (finding disclosure of records may be required by NVRA, but redactions appropriate to protect "uniquely sensitive information").

These claims present pure questions of law, turning on well-established principles of statutory interpretation and preemption. *See, e.g.*, *ConocoPhillips Alaska, Inc. v. Alaska Oil and Gas Conservation Commission*, 660 F.Supp.3d 822, 840 (D. Alaska 2023) ("The Court

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

1  finds that the preemption issue in this case is a pure question of law that requires no

2  additional factfinding to determine."); *United States v. Stephens*, 237 F.3d 1031, 1033 (9th

3  Cir. 2001) ("The proper interpretation of a statute is a question of law.").

4       Despite the narrow and primarily legal scope of the claims and defenses, Plaintiff's

5  Notice seeks testimony on thirty-one extraordinarily broad areas, none of which is relevant

6  to the claims and defenses in this litigation. *See* Notice. As is described more thoroughly

7  below, no testimony could be elicited concerning any of the topics in the Notice that would

8  have any tendency to make more or less likely any fact of consequence to this action.

9       **A.    Standards for Motion for Protective Order**

10      Rule 26(c) provides that a court may issue a protective order to shield parties or

11  individuals from discovery that is oppressive, overly burdensome, or otherwise improper.

12  Protective orders may be issued to narrow or preclude the enforcement of Rule 30(b)(6)

13  deposition notices. *Alvarado-Herrera v. Acuity*, 344 F.R.D. 103, 108 (D. Nev. 2023).

14      Rule 26(b)(1) limits the scope of permissible discovery to matters that are "relevant

15  to any party's *claim or defense* and *proportional to the needs of the case.*" *Id.* (emphasis

16  added); *see also Wheel Grp. Holdings, LLC v. Cub Elecparts, Inc.*, 2018 WL 6264980, at *4

17  (C.D. Cal. Sept. 4, 2018) ("Discovery requests seeking irrelevant information are inherently

18  undue and burdensome.") (collecting cases).

19      Because the topics identified in Plaintiff's Notice have no relevance to the claims that

20  Plaintiff has pled, and because of the other deficiencies discussed below, Defendant seeks

21  an order "precluding enforcement of the notice as currently drafted." *Hologram USA, Inc. v.*

22  *Pulse Evolution Corporation*, 2015 WL 13238450, at *4 (D. Nev., Dec. 18, 2015) ("When a

23  party chooses to serve overly broad discovery, it runs the risk that the discovery will be

24  denied outright . . . ."). Alternatively, Defendant seeks an order precluding enforcement of

25  the Notice as to some or all of the topics discussed below.

26      **B.    Meet and Confer Requirements**

27      Pursuant to Local Rule 37-1, Defendant and Plaintiff conferred in a good-faith effort

28  to eliminate the necessary of hearing the motion, but were unable to settle their differences.

- 3 -

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

Shoai Decl. at ¶¶ 5–17 & Exs. C–G; Richards Decl. at ¶¶ 2–24 & Exs. A–I.

## II.    PLAINTIFF'S INTRODUCTORY STATEMENT

The Attorney General recently received a complaint from the family of a non-citizen in Orange County indicating that the non-citizen received an unsolicited mail-in ballot from the Defendant. On June 2, 2025, the Attorney General requested the Defendant share the number of voter registration records in Orange County cancelled because the registrant did not satisfy the citizenship requirements for voter registration, including each registrant's voter registration application, voter registration record, voting history, and related correspondence. The letter also advised the Defendant that the Plaintiff had received complaints alleging that non-citizens were receiving mail ballots in Orange County elections. In that letter we also requested information regarding the Defendant's compliance with the National Voter Registration Act ("NVRA") the Help America Vote Act's ("HAVA") list maintenance requirements for removal of ineligible voters.

The letter specifically stated that:

"The Attorney General has enforcement authority over the NVRA as well as Sections 301, 302, and 303 of Title III of HA VA. Pursuant to that authority we are requesting the following documents:

1.    Records showing the number of voter registration records in Orange County cancelled because the registrant did not satisfy the citizenship requirements for voter registration.

2.    Records related to each cancellation described in Request No. 1, including copies of each registrant's voter registration application, voter registration record, voting history, and related correspondence sent or received by your office in regard to the registration."

On June 16, 2025, in response to the Plaintiff's request the Defendant provided certain records alleged to show the removal of thirteen non-citizen registrations from Orange County voter rolls between 2000 and the present. However, the Defendant redacted the registrant's

- 4 -

California driver's license and identification card numbers, social security numbers, California Secretary of State-assigned voter identification numbers, language preference, and images of registrants' signatures. In support of those redactions the Defendant alleged that it was acting in accordance with California Elections Code Section 2194, California Government Code Section 7924.000 and California Government Code Section 7924.005.

On June 17, 2025, the Plaintiff requested unredacted information pursuant to the enforcement authority of HAVA and the NVRA no later than June 20, 2025. The Plaintiff further advised that if unredacted information was not provided, the Plaintiff intended to file a lawsuit against the Defendant. The Plaintiff explained several times on phone calls with the Defendant, however, the Defendant refused to cooperate.

On June 20, 2025, the Defendant responded to the Plaintiff's request for unredacted information by refuting the enforcement provision of HAVA and continued refusal to provide unredacted voter information relying on California Elections Code Section 2194, California Government Code Section 7924.000 and California Government Code Section 7924.005. The Defendant also asserted in this letter that the NVRA further supported their claim that only redacted voter information could be remitted to Plaintiff.

On June 25, 2025, the United States filed suit against the Defendant in his official capacity as Registrar of Voters, alleging a violation of Section 303(a)(2)(B)(ii) of the Help America Voter Act ("HAVA"). The United States also alleges a violation of Section 8(a)(4) and 8(i) of the National Voter Registration Act ("NVRA"). On this same date, and after the Complaint had been filed, the Defendant offered to enter into a confidentiality agreement after refusing to provide the requested information.

## III.    DEPOSITION TOPICS IN DISPUTE:

I.    Implementation and Compliance with NVRA

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1. The Orange County Registrar of Voters ("County") policies, procedures, and practices for complying with the National Voter Registration Act ("NVRA"), including all sections referenced in Plaintiff's Complaint.

2. Procedures and practices for offering voter registration services at motor vehicle agencies.

3. Implementation of voter registration by mail and online voter registration as required or permitted under federal law.

4. Efforts to ensure the accuracy and completeness of voter registration information received from NVRA-covered agencies.

5. Retention and availability of voter registration records and documentation required under NVRA.

**Defendant's Position:**

**A.    The Testimony Sought through Topics 1–5 Is Outside the Scope of Permissible Discovery**

The testimony sought in topics one through five is beyond the scope of permissible discovery under Rule 26. A party may only seek discovery that is (1) relevant to a party's claims or defenses; and (2) proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

**1.    Topics 1–5 Are Not Relevant to Any Parties' Claims or Defenses**

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action." Fed. R. Evid. 401. The requirement that material sought through discovery be "relevant" "should be firmly applied." *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *see also Carrera v. First Am. Home Buyers Prot. Co.*, 2014 WL 3695403, at *1 (S.D. Cal. July 23, 2014) ("As the United States Supreme Court has explained, district courts must safeguard against discovery that goes beyond the bounds of relevancy.") (*citing Herbert*, 441 U.S. 153).

Any testimony concerning "policies, procedures and practices for complying" with the NVRA, "procedures and practices for offering voter registration services at motor vehicle agencies," "Implementation of voter registration by mail and online voter

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

registration as required or permitted under federal law," "Efforts to ensure the accuracy and completeness of voter registration information received from NVRA-covered agencies," and "Retention and availability of voter registration records and documentation required under NVRA," has no tendency to make more or less probable any fact that is of consequence in determining the narrow legal questions presented through Plaintiff's claims. Other than the uncontested claim that Defendant redacted sensitive personal information in his production of documents to Plaintiff, there is no allegation that he violated the NVRA or acted inappropriately in offering voter registration services, at motor vehicle agencies, by mail, or online. There is also no allegation that he failed to ensure the accuracy and completeness of voter registration information from NVRA-covered agencies or that he failed to retain voter registration records and documentation required under NVRA.

Again, the narrow legal issues on which the claims Plaintiff has actually pled turn on: (1) Whether the NVRA's grant of standing to the Attorney General implicitly allows Plaintiff plenary authority to extra-judicially demand protected voter information; and (2) whether the "Public Disclosure Provision" of HAVA precludes redaction of uniquely sensitive information and preempts state laws and constitutional privacy rights that require Defendant to redact sensitive personal information, such as social security numbers. *Compare with Pub. Int. Legal Found, Inc.*, 996 F.3d 257, 267 (4th Cir. 2021) (finding disclosure of records may be required by NVRA, but redactions appropriate to protect "uniquely sensitive information"); *Project Vote/Voting For Am., Inc. v. Long*, 752 F.Supp.2d 697, 711 (E.D. Va. 2010) ("[T]he court does find that a person's SSN is precluded from disclosure, as disclosure of that information would undermine the purposes of the statute."); *True the Vote v. Hosemann*, 43 F.Supp.3d 693, 739 (S.D. Miss. 2014) (concluding that, "the NVRA Public Disclosure Provision does not require the disclosure of unredacted voter registration documents, including voter registrant birthdates"); *id.* at 733 ("Congress's language in the Public Disclosure Provision does not preclude redaction of certain highly sensitive information contained within disclosable records."); *Pub. Int. Legal Found., Inc. v. Bellows*, 92 F.4th 36, 56 (1st Cir. 2024) ("In addition, nothing in the text of

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1  the NVRA prohibits the appropriate redaction of uniquely or highly sensitive personal

2  information in the Voter File."); *Pub. Int. Legal Found., Inc. v. Matthews*, 589 F.Supp.3d

3  932, 942 (C.D. Ill. 2022) ("the Public Disclosure Provision also does not <u>require</u> the

4  disclosure of sensitive information that implicates those privacy concerns.") (internal

5  citations and quotations omitted, emphasis in original); *Project Vote, Inc. v. Kemp*, 208

6  F.Supp.3d 1320, 1344 (N.D. Ga. 2016) ("Section 8(i) requires the disclosure of individual

7  voter registration records, but it does not require the disclosure of sensitive information that

8  implicates special privacy concerns.").

9       These claims turn on pure questions of law – statutory interpretation and principles of

10  preemption. *Stephens*, 237 F.3d at 1033 (9th Cir. 2001) ("The proper interpretation of a

11  statute is a question of law."); *ConocoPhillips Alaska, Inc.*, 660 F.Supp.3d at 840

12  ("Preemption is almost always a legal question, the resolution of which is rarely aided 'by

13  development of a more complete factual record.' The Court finds that the preemption issue

14  in this case is a pure question of law that requires no additional factfinding to determine.").

15       Because no testimony which could be elicited concerning topics one through five has

16  any relevance to the claims pled in Plaintiff's Complaint, the topics impose a

17  disproportionate and undue burden. *Wheel Grp. Holdings, LLC*, 2018 WL 6264980, at *4

18  ("Discovery requests seeking irrelevant information are inherently undue and

19  burdensome.") (collecting cases). This Court should enter an order prohibiting the

20  deposition in its entirety, or, alternatively, prohibiting enforcement of the Notice as to topics

21  one through five.

22       **2.    The Testimony Sought Is Not Proportional to the Needs of the Case**

23       Rule 26 makes clear that the right to discovery, even plainly relevant discovery, is not

24  limitless. As one court explained,

25       The 2015 amendments to Rule 26(b)(1) emphasize the need to impose

26       "reasonable limits on discovery through increased reliance on the common-

27       sense concept of proportionality." The fundamental principle of amended Rule

28       26(b)(1) is "that lawyers must size and shape their discovery requests to the

- 8 -

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

requisites of a case." The pretrial process must provide parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery. This requires active involvement of federal judges to make decisions regarding the scope of discovery.

*Roberts v. Clark Cnty. Sch. Dist.*, 312 F.R.D. 594, 603 (D. Nev. Jan. 11, 2016) (*quoting John Roberts*, *2015 Year-End Report on the Federal Judiciary 6* (Dec. 31, 2015) (internal citations omitted)); *see also* Fed. R. Civ. P. 26, Advisory Committee Note (2015 Amendments) ("The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes.").

To the extent Plaintiff can plausibly identify any marginal relevance the sought testimony has to Plaintiff's claims, any such relevance is grossly disproportionate to the needs of the case. " 'Proportionality focuses on the marginal utility of the discovery sought.' " *United States v. HVI Cat Canyon, Inc.*, 2016 WL 11683593, at *4 (C.D. Cal., Oct. 26, 2016) (*quoting In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*, 180 F.Supp.3d 272, 280 n.43 (S.D. N.Y. 2016)).

Again, Plaintiff's claims turn solely on questions of law. The burden of requiring an individual to familiarize themselves with the extraordinarily broad yet irrelevant subjects identified in topics one through five is grossly disproportionate to the minimal, if any, utility of the discovery sought, particularly in light of the Registrar of Voter's duties in administering the November 4, 2025 state-wide election. Page Declaration at ¶¶ 7–25 & Exs. A–E.

## B.    Plaintiff May Not Use the Discovery Process to Support or Investigate Unpleaded Claims

To the extent Plaintiff seeks the information identified in topics one through five to investigate unpleaded violations of the NVRA or HAVA, Plaintiff may not utilize discovery in an effort to support such unpleaded claims. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (filing a complaint "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"); *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir.

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

OFFICE OF THE COUNTY COUNSEL COUNTY OF ORANGE

2004) ("District courts need not condone the use of discovery to engage in 'fishing expedition[s].'"); *Asetek Danmark A/S v. CoolIT Sys. Inc.*, 2021 WL 4699170, at *2 (N.D. Cal. Oct. 8, 2021) (emphasizing that parties "have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings"); *Ali v. City of Culver City*, 2020 WL 14032073, at *5 (C.D. Cal., Dec. 9, 2020) ("Plaintiff cannot use discovery as a fishing expedition to support conclusory claims. . . . Plaintiff cannot conduct discovery on claims that are not pending in this litigation."); *Hartford Underwriters Insurance Company v. Terra-Power Energy Company Limited*, 2019 WL 7987112, at *4 (C.D. Cal., Nov. 19, 2019) ("No discovery can proceed on an improperly pled claim."); *Torio v. Wells Fargo Bank, N.A.*, 2016 WL 2344243, at *5 (N.D. Cal. May 4, 2016) ("Plaintiffs have cited no authority for the proposition that they are entitled to conduct any discovery before stating a viable claim for relief. Anyway, discovery cannot be used as a fishing expedition for evidence of claims that have not been properly pled."); *Games2U, Inc. v. Game Truck Licensing, LLC*, 2013 WL 4046655, at *9 (D. Ariz. Aug. 9, 2013) (granting a motion to quash subpoena of prosecuting attorney where the alleged infringer had not alleged inequitable conduct); *Bush v. Rewald*, 619 F.Supp. 585, 601 (D. Hawaii 1985) ("Plaintiff cannot embark on a fishing expedition and expect defendants to supply him with a case by means of admissions in deposition and interrogatories.").

Defendant understands that Plaintiff may point to the third paragraph of Plaintiff's Prayer for Relief in support of its attempt to seek broad discovery. This paragraph seeks an order enjoining Defendant from "failing or refusing to comply with the requirement of HAVA or the NVRA, including the Attorney General's enforcement authority."[2] Compl. at

---

[2] Defendant notes that the request for an injunction requiring Defendant to "comply with" Plaintiff's "enforcement authority" is nonsensical – the "enforcement authority" of the Attorney General is a mere Congressional grant of standing to seek declaratory or injunctive relief, which Plaintiff is currently doing through this lawsuit. This "enforcement authority" (i.e., grant of standing) does not empower Plaintiff to demand acquiescence to any and all pre-suit demands for any unredacted papers and information Plaintiff generally believes germane to HAVA or the NVRA and does not demand of any election official

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

¶ 47.

However, with the exception of the Complaint's reference to limited redactions made by Defendant (as required by California State law), Plaintiff does not give notice of any claimed violation of the NVRA or HAVA. *See* Compl. at ¶¶ 38–39 ("[T]he Attorney General is entitled to receive from Defendants [sic] unredacted copies of the information requested in Exhibit 1 . . . Unless and until ordered to do so by this Court, the Defendant's refusal to provide these records prevents the Attorney General from making a determination of the Defendant's compliance with the list maintenance of HAVA and represents an ongoing violation of the law."); ¶ 44 ("The Attorney General is entitled to receive from the Defendant unredacted copies of the information requested in Exhibit 1 to validate the Defendant's compliance with disclosure requirements of the NVRA. . . . Unless and until ordered to do so by this Court, the Defendant's refusal to provide these records prevents the Attorney General from making a determination of the Defendant's compliance with the list maintenance requirements of the NVRA and represents an ongoing violation of the NVRA's disclosure requirements.").

Plaintiff may not seek discovery to support an unpleaded claim or to find evidence of statutory violations that have not been pled. Absent concrete and plausible allegations of violations of the NVRA and HAVA, and a sufficient basis to allege that such violations will reoccur, Plaintiff's broad request for an injunction to follow the law[3] is far from sufficient to

---

unquestioning compliance to demands not authorized by law and contrary to state laws that have not been declared preempted by any court. *See Lockyer v. City & Cnty. of San Francisco*, 33 Cal. 4th 1055 (2004) (local executive official, who is charged with the ministerial duty of enforcing a statute, does not possess the authority to disregard the terms of the statute in the absence of a judicial determination that it is unconstitutional, based solely upon the official's opinion that the governing statute is unconstitutional.)

[3] "[C]ourts will not countenance injunctions that merely require someone to 'obey the law.' " *Hughey v. JMS Dev. Corp.*, 78 F.3d 1523, 1531 (11th Cir. 1996) (*quoting Payne v. Travenol Lab., Inc.*, 565 F.2d 895, 897–98 (5th Cir. 1978)); *E.E.O.C. v. AutoZone, Inc.*, 707 F.3d 824, 841–42 (7th Cir. 2013) ("An obey-the-law injunction departs from the traditional equitable principle, codified in Rule 65(d) of the Federal Rules of Civil Procedure."); *Daniels v. Woodbury Cnty., Iowa*, 742 F.2d 1128, 1134 (8th Cir. 1984) ("[A]n injunction

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

1  unlock the door to broad and free-ranging discovery seeking any and all evidence of

2  violations of HAVA or the NVRA. A party may not use discovery "to find facts that may

3  give credence to an unartfully pled complaint" and the discovery rules do not "unlock the

4  door to discovery for a plaintiff armed with nothing more than conclusions." *Van Heel v.*

5  *GCA Educ. Servs., Inc.*, 2020 WL 6541989, at \*4 (C.D. Cal., Sept. 30, 2020).

6      In short, unless and until Plaintiff can and does (consistent with the requirement of

7  Rule 11) allege discrete, plausible, and factually supported violations of HAVA or the

8  NVRA, Plaintiff may not engage in freewheeling discovery in an attempt to find evidence

9  of such (non-existent) violations.

10     **C.    Topics 1–5 Fail to Describe with Reasonable Particularity the Matters for**

11         **Examination**

12     Rule 30(b)(6) requires that the matters for examination be described with "reasonable

13  particularity." *Id.*

14     "A party who notices a Rule 30(b)(6) deposition should apply fairness and

15  reasonableness to the scope of the matters that the witness is required to testify about,

16  [which means that] 'the requesting party must take care to designate, with painstaking

17  specificity, the particular subject areas that are intended to be questioned, and that are

18  relevant to the issues in dispute.'" *Snyder v. Alight Sols. LLC*, 2022 WL 17185009 at \*2,

19  (C.D. Cal. June 23, 2022) (*quoting Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 638

20  (D. Minn. 2000)); *see also, e.g.*, *Batiste v. City of Richmond*, 2023 WL 2951538, at \*2

21  (N.D. Cal. Apr. 14, 2023) ("[T]he requesting party must take care to designate, with

22  painstaking specificity, the particular subject areas that are intended to be questioned, and

23  that are relevant to the issues in dispute. . . . The 'painstaking specificity' standard described

24  in *Prokosch* has been adopted and approved by many courts in this Circuit.") (collecting

25  cases); *Willy v. Sherwin-Williams Co.*, 2022 WL 1553703 at \*3 (D. Or. May 17, 2022)

26

27  ───────────────

28  which does little or nothing more than order the defendants to obey the law is not specific
   enough.").

**JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…**

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

("Because Rule 30(b)(6) places substantial responsibilities and burdens on corporate designees, for the rule to function effectively, a requesting party must designate with painstaking specificity, the particular subject areas that intended to be questioned."); *Littlefield v. NutriBullet, L.L.C.*, 2017 WL 10439791, at *7 (C.D. Cal. Nov. 3, 2017) ("For Rule 30(b)(6) to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute.") (internal citations and quotations omitted).

Courts "have not hesitated to issue protective orders when corporations are asked to respond to overly broad or unfocused Rule 30(b)(6) deposition notices." *Lipari v. U.S. Bancorp, N.A.*, 2008 WL 4642618, at *6 (D. Kan. Oct. 16, 2008); *see also, e.g., Alvarado-Herrera*, 344 F.R.D. 103, 107 ("[C]ourts have repeatedly emphasized the practical constraints on the scope of a Rule 30(b)(6) deposition in that it is not feasible for a Rule 30(b)(6) witness to know the intimate details of everything."); *Apple v. Samsung Elecs. Co.*, 2012 WL 1511901, at *2 (N.D. Cal. Jan. 27, 2012) (extremely broad 30(b)(6) notice "render[s] unworkable the obligation of the responding party to make a conscientious, good-faith effort to designate knowledgeable persons . . . and to prepare them to fully and unevasively answer questions about the designated subject matter"); *RM Dean Farms v. Helena Chem. Co.*, 2012 WL 169889, at *1 (E.D. Ark. Jan. 19, 2012) (granting protective order where "[t]he 30(b)(6) notice would require [defendant] to produce a corporate representative or corporate representatives to testify on topics so vast in number, so vast in scope, so open ended, and so vague that compliance with the notice would be impossible").

The subjects in topics one through five are not described with anything approaching reasonable particularity and Plaintiff has certainly not designated these topics with "painstaking specificity." On the contrary, the topics are temporally unlimited, vague, and breathtakingly broad, effectively requiring a deponent to testify on each and every measure taken by every employee since the NVRA was enacted to comply with a legally complex and broad federal statutory scheme. (*cf. Arizona v. Inter Tribal Council of Arizona, Inc.*, 570 U.S. 1, 5 (2013) (The NVRA "erects a complex superstructure of federal regulation atop

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

state voter-registration systems").

For example, topic one seeks all information reasonably available to Defendant concerning "policies, procedures, and practices for complying with the National Voter Registration Act ("NVRA"), including all sections referenced in Plaintiff's Complaint." This topic is the antithesis of Rule 30(b)(6)'s demand for reasonable particularity and has no limiting principle whatsoever. The NVRA imposes a *host* of ongoing duties on Defendant and his agents ranging from (1) implementing provisions that require the Department of Motor Vehicles (DMV) to provide voter registration services to people who apply for or renew a driver license or identification card (DL/ID), (2) requiring Defendant to provide various voter registration services to the public, and (3) implementing a list maintenance program aimed at ensuring the integrity of voter registration rolls that conforms to certain basic requirements, including detailed restrictions on the removal of voters from the voter registration rolls that are uniform, nondiscriminatory and in compliance with the Voting Rights Act of 1965. *See* 52 U.S.C. §§ 20504(a), 20506(a), 20507. Between January 1, 2025 to September 2, 2025, over 61,000 new registrants were added to the voter rolls, over 270,000 updated their records, and Defendant cancelled over 195,000 voter registrations, which are all activities that are subject to the NVRA. Page Decl. ¶ 13 & Ex. C. Thus, requiring Defendant to broadly testify regarding the policies, procedures, and practices for complying with the NVRA is incredibly broad.  As written, it would require a deponent to be prepared to testify on each and every measure taken by every employee to address each and every voter registration and cancelation since the NVRA was enacted.  *See Poulos v. City of Los Angeles*, 2020 WL 8509663, at *3 (C.D. Cal. July 15, 2020) (denying motion to compel Rule 30(b)(6) testimony concerning "all customs, practices, policies, and procedures of the City concerning officer involvement in wrongful convictions in 2001" because "Plaintiffs cannot expect these topics to be 'known or reasonably available' when their wording is so broad and imprecise" and so that topic fails "to reach the "reasonable particularity" standard mandated by Rule 30(b)(6)").

**D.    Topics 1–5 Are Grossly Overbroad and, In Conjunction with the Other 26**

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

### Requests, Impose an Extraordinary and Undue Burden

While a corporation or other legal entity must make a good faith effort to prepare a Rule 30(b)(6) witness to "fully and unevasively answer questions about the designated subject matter," "that task becomes less realistic and increasingly impossible as the number and breadth of noticed subject areas expand." *Bresk v. Unimerica Insurance Company*, 2017 WL 10439831, at *8 (C.D. Cal., Nov. 16, 2017) (*citing Apple, Inc.*, 2012 WL 1511901, at *2) (internal quotation marks omitted); *see also Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000) ("An overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task.").

Topics one through five seek all information concerning all efforts to comply with a complex and broad federal statutory scheme, the NVRA. Topics six and thirteen similarly seek testimony concerning effectively all efforts to comply with a separate statutory scheme, HAVA.

Together, the thirty-one topics seek to burden Defendant with preparation of nearly every fact even tangentially related to the subject matter of the litigation, except, incredibly, the actual narrow legal questions in dispute (*i.e.,* whether HAVA implicitly grants Plaintiff plenary and extra-judicial authority to command the production of sensitive personal voter information, and whether the NVRA preempts state statutes mandating the non-disclosure of sensitive voter information). *Compare with SGII, Inc. v. Suon*, 2021 WL 6752324, at *5 (C.D. Cal., Dec. 29, 2021) ("Rule 30(b)(6) does not permit burdening the responding party with production and preparation of a witness on every facet of the litigation.") (internal quotation omitted); *see also Wheel Grp. Holdings, LLC*, 2018 WL 6264980, at *4 ("Discovery requests seeking irrelevant information are inherently undue and burdensome.") (collecting cases).

Because the burden of preparing a witness on every facet of compliance with a broad and complex statutory scheme, which in turn is supplemented by State laws designed to implement the NVRA and guidelines issued by the California Secretary of State, is grossly disproportionate to the needs of a case that turns on legal question of statutory interpretation

OFFICE OF THE COUNTY COUNSEL COUNTY OF ORANGE

1  and preemption principles, the Notice should not be enforced as drafted, particularly in light

2  of the Registrar of Voter's duties in administering the November 4, 2025 state-wide

3  election. Page Declaration at ¶¶ 7–25 & Exs. A–E.

**E.  The Information Sought through Topics 1–5 Should be Sought, If at All, through Interrogatories, Not a 30(b)(6) Deposition**

6  Even if the information sought through topics one through five had some minimal

7  relevance to the Parties' claims and defenses, and even if the topics were described with

8  sufficient particularity, this information should be sought through interrogatories or other

9  discovery devices, not an overly broad and burdensome Rule 30(b)(6) deposition notice.

10  *See, e.g.*, *Alvarado-Herrera*, 344 F.R.D. 103, 108 ("Determining whether a Rule 30(b)(6)

11  notice is impermissibly excessive blends the concepts of burdensomeness and

12  proportionality. . . . Pertinent circumstances for consideration include . . . whether the

13  information can be obtained more efficiently through other means.").

14  Many courts have found that "when the proposed deposition topics are complex and

15  highly technical, *or involve legal issues that require the assistance of an attorney*, the

16  interrogatory is the preferred device." *Memory Integrity LLC v. Intel Corp.*, 308 F.R.D. 656,

17  661 (D. Or. 2015) (emphasis added); *see also HVI Cat Canyon, Inc.*, 2016 WL 11683593, at

18  *7; *Bank of Am., N.A. v. SFR Invs. Pool 1 LLC*, 2016 WL 2843802, at *3 (D. Nev. May 12,

19  2016) ("Other courts have required a party to serve contention interrogatories in lieu of a

20  Rule 30(b)(6) deposition where the topic requires the responding party to provide its legal

21  analysis on complex issues."); *Lenz v. Universal Music Corp.*, 2010 WL 1610074, at *3

22  (N.D. Cal. Apr. 20, 2010) (inquiries seeking "legal conclusions . . . should not form the

23  basis for 30(b)(6) deposition topics"); *3M Co. v. Kanbar*, 2007 WL 1794936, at *2 (N.D.

24  Cal. June 19, 2007) (same); *Niagara Mohawk Power Corp. v. Stone & Webster Engineering

25  Corp.*, 125 F.R.D. 578, 593 (N.D. N.Y. 1989) (recognizing viability of interrogatories as an

26  alternative discovery method to a Rule 30(b)(6) deposition).

27  Topics one through five seek information concerning efforts on the part of Defendant

28  to comply with a complex federal statutory scheme – the National Voter Registration Act.

- 16 -

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1  This testimony will require an articulation of Defendant's understanding of the specific

2  legal requirements imposed by this complex statutory scheme, and efforts to discharge any

3  legal duties imposed by this scheme. This testimony undeniably "involve[s] legal issues."

4  Additionally, Defendant's understanding of the legal duties imposed by the NVRA is

5  informed by advice of counsel, and any testimony on this topic runs a substantial risk of

6  invading the attorney-client privilege and the work product doctrine. Page Decl. at ¶¶ 15,

7  26–27.

8       To the extent there is any marginal relevance to the information sought through these

9  broad and unfocused requests, this information should be sought through narrow and

10  properly focused interrogatories.

### F.  Plaintiff Failed to Meet and Confer "About the Matters for Examination" Before or Shortly After Service of the Deposition Notice

13       In December of 2020, Rule 30(b)(6) was amended to require that a serving party meet

14  and confer with the deponent entity "about the matters for examination." *Id.* ("Before or

15  promptly after the notice or subpoena is served, the serving party and the organization must

16  confer in good faith about the matters for examination.")

17       Plaintiff failed to meet and confer with Defendant about the "matters for

18  examination" before or promptly after service of the Notice. Shoai Decl. at ¶¶ 5–8 and Exs.

19  C–E; *Los Angeles Unified School District v. S&W Atlas Iron & Metal Co., Inc.*, 2022 WL

20  423412, at *1 (C.D. Cal., Jan. 26, 2022) ("And perhaps most importantly, Defendants never

21  explain (ECF 129-1 at 3) how they complied with the requirement—recently added in

22  December 2020—that '[b]efore or promptly after the notice . . . is served, the serving party

23  and the organization must confer in good faith *about the matters for examination*.['] . . . For

24  all these reasons, Defendants' ex parte application is denied. The denial is without

25  prejudice, however, if the parties obtain an extension of the fact discovery cutoff from the

26  district court. But even then, strict compliance with amended Rule 30(b)(6) and Local Rule

27  37 will be expected and enforced.") (emphasis in original); *compare also Lake*, 2023 WL

28  8283671, at *10 ("The first time plaintiff's counsel appears to propose specific topics for

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1    another PMK deposition is in her October 30th email and, hours later, the noticing of the

2    deposition. (Citation) Proposing specific topics for a PMK deposition are the start—not the

3    end—of the kind of conferral required by the Federal and Local Rules and the

4    undersigned's prior orders.") *with* Shoai Decl. at ¶¶ 5–8 and Exs. C–E.

5        This failure directly led to the necessity of this motion – if Plaintiff had discharged its

6    statutory duty, there is a realistic possibility the Parties could have narrowed certain topics,

7    agreed that certain topics would be better addressed in interrogatories, or, at minimum,

8    better understood the scope of any disagreement and the Parties' respective positions.

9        While this failure alone may not be sufficient grounds to preclude the deposition in its

10    entirely in the future, this failure does support an order prohibiting enforcement of the

11    Notice as drafted and requiring Plaintiff to re-serve and potentially re-draft the Notice after

12    engaging in the iterative and interactive process mandated in the Federal Rules of Civil

13    Procedure.

14    **G.    Proposal to Resolve Dispute**

15        At the conference of counsel, Defendant proposed to resolve this dispute by either:

16    (1) narrowing some or all of the topics (e.g., substantially narrowing or omitting topic one,

17    concerning "The Orange County Registrar of Voters ("County") policies, procedures, and

18    practices for complying with the National Voter Registration Act ("NVRA"), including all

19    sections referenced in Plaintiff's Complaint") or (2) withdrawing the Rule 30(b)(6) Notice

20    in light of the narrow issues presented in the Complaint. Richards Decl. ¶ 17.

21        Plaintiff declined to do so, and indicated that Defendant should serve written

22    objections or object on the record as to specific topics or questions. *Id*. Plaintiff generally

23    took the position that Plaintiff is entitled to "everything under the sun," and that any

24    objections concerning Plaintiff's rights to any discovery would have to be  "taken up with"

25    the Court. *Id.* at ¶¶ 15, 23.

26    **Plaintiff's Position:**

27        Defendant's attempt to preclude testimony on Topics 1–5 is inconsistent with the

28    liberal discovery standards embodied in Rule 26 and contrary to the purposes of both the

- 18 -
JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

NVRA and HAVA. Plaintiff's claims—alleging Defendant's unlawful refusal to produce unredacted voter registration records—necessarily implicate the manner in which Defendant implements and complies with NVRA obligations. The discovery sought is directly relevant to those claims and proportional to the needs of the case. Defendant's argument rests on an unduly narrow construction of "relevance" and a mischaracterization of the claims asserted.

### A.    Legal Standard

The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure 26(b)(1). The current Rule states:

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional [*3] to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978). Relevance, however, does not establish discoverability; discovery must also be proportional to the needs of the case. *Ysaguirre v. Rodriguez,* No. 2:23-cv-00327 AC, 2024 U.S. Dist. LEXIS 175857, at *2-3 (E.D. Cal. Sep. 27, 2024)

### 1.    Topics 1–5 Are Relevant to Plaintiff's Claims and Defendant's

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

OFFICE OF THE COUNTY COUNSEL COUNTY OF ORANGE

**Defenses.**

Defendant's argument that Topics 1–5 are "irrelevant" ignores that Plaintiff's core contention is that Defendant has unlawfully withheld information that the NVRA requires to be made available for public inspection and produce upon demand from the Attorney General. Whether Defendant has properly implemented, documented, and retained NVRA-related records—including those concerning voter registration with NVRA requirements and the existence and scope of the records withheld, (2) whether Defendant's , list maintenance, and record retention—is directly relevant to (1) whether Defendant is in compliance asserted redactions are consistent with statutory duties, and (3) whether Defendant's interpretation of the NVRA is consistent with its implementation practices.

Courts have held that discovery concerning an agency's policies and practices of NVRA compliance is relevant in NVRA litigation. *Project Vote/Voting for Am., Inc. v. Long*, 682 F.3d 331, 335–36 (4th Cir. 2012) (affirming relevance of voter registration applications to NVRA public disclosure requirements).

Moreover, Defendant's reliance on *Herbert v. Lando*, 441 U.S. 153 (1979), is misplaced. *Herbert* cautioned against unbounded discovery in defamation suits implicating the First Amendment, not against discovery into operational facts necessary to evaluate compliance with a federal statute. Courts applying *Herbert* have emphasized that it does not justify foreclosing discovery that bears on how a defendant actually applies the statutory scheme at issue. *See, e.g.*, *United States v. McGraw-Hill Cos.*, 2014 WL 1647385, at *4 (C.D. Cal. Apr. 15, 2014).*

> **2.    The Discovery Sought Is Proportional to the Needs of the Case.**

The proportionality factors—amount in controversy, importance of the issues, parties' relative access to information, resources, and the importance of discovery to resolving the issues—all favor Plaintiff.

This case concerns federal statutory compliance affecting agency access to voter registration records—issues of substantial public importance that transcend private litigant

- 20 -

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

interests. Courts recognize that in such cases, broader discovery is often appropriate. Courts have held that "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984). The party seeking a protective order under Rule 26(c) must establish "good cause," demonstrating that specific prejudice or harm will result if the order is not granted. In re Roman Cath. Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011) (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003)); *Neiferd v. Microsoft Corp*., No. C25-327-MLP, 2025 U.S. Dist. LEXIS 193467, at *3 (W.D. Wash. Sep. 30, 2025).

In determining proportionality, courts have held that "The Court will not tolerate a party unilaterally and unreasonably deciding that requested discovery is not relevant or discoverable under proportionality based solely on its own litigation position." *See Lucas v. Protective Life Ins. Co*., No. CIV.A.4:08CV00059-JH, 2010 U.S. Dist. LEXIS 11861, 2010 WL 569743, at *3 (W.D. Ky. Feb. 11, 2010) (rejecting argument that underwriting materials were not discoverable based upon the insurer's "unilateral decision that these other guidelines are not relevant to the claims and defenses in this action"); *Johnson v. Serenity Transp., Inc*., No. 15-CV-02004-JSC, 2016 U.S. Dist. LEXIS 149867, 2016 WL 6393521, at *2 (N.D. Cal. Oct. 28, 2016) ("A party cannot unilaterally decide that there has been enough discovery on a given topic."). *Bouie v. Alzayadi*, No. 25-cv-10132, 2025 U.S. Dist. LEXIS 138838, at *3 (E.D. Mich. July 21, 2025).

The discovery sought here is proportional to the needs of the case when considered under the factors set forth in Rule 26(b)(1). The importance of the issues at stake weighs heavily in favor of allowing discovery. This case concerns the administration of federal laws designed to protect the integrity of the voter registration process and ensure public transparency in compliance with the National Voter Registration Act ("NVRA") and the Help America Vote Act ("HAVA"). Courts have recognized that when litigation implicates significant public interests or enforcement of federal statutory schemes, the proportionality analysis favors a broader scope of discovery. See *In re Nat'l Prescription Opiate Litig.*, 927

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

F.3d 919, 933 (6th Cir. 2019) (importance of the issues may warrant more extensive openness)[4]; *Roberts v. Clark County Sch. Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016) (proportionality requires consideration of the importance of the issues and the discovery's role in resolving them). Because this case seeks to ensure the lawful enforcement of federally mandated election procedures, the importance of the issues at stake is substantial. This alone necessitates broad discovery pursuant to the proportionality standard.

The remaining proportionality factors also favor the Plaintiff. The Defendant alone possesses the relevant information concerning the procedures, policies, and practices at issue, and Plaintiff has no other means to obtain that information. See *In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 564 (D. Ariz. 2016) (proportionality favors discovery where the information is solely within the control of one party). The discovery sought is narrowly focused and limited to relevant topics, imposing little burden relative to its potential value in resolving the issues presented. Here, the minimal burden of producing a Rule 30(b)(6) witness is far outweighed by the benefit of clarifying how Defendant interprets and implements the NVRA's requirements. Because the requested testimony is uniquely within Defendant's knowledge and central to resolving the dispute, the discovery is proportional to the needs of the case.

## B. Plaintiff is not engaging in a fishing expedition.

Defendant's "fishing expedition" argument misstates the nature of this discovery. Plaintiff does not seek to develop new claims; rather, the discovery goes directly to the scope of Defendant's compliance with the disclosure and maintenance provisions that form the basis of the existing claims.

Defendant's reliance on *Iqbal*, *Torio*, and similar "fishing expedition" cases is

---

[4] Such a permissive standard allows "extensive intrusion into the affairs of both litigants and third parties." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 30, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984). Given that reality, [**48] it is not surprising that some persons and entities would prefer not to turn over certain documents or would prefer to do so only with certain protections in place. *HD Media Co., LLC v. United States DOJ* (In re Nat'l Prescription Opiate Litig.), 927 F.3d 919, 941 (6th Cir. 2019)

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

OFFICE OF THE COUNTY COUNSEL COUNTY OF ORANGE

misplaced because those decisions addressed plaintiffs seeking discovery before stating a plausible claim. Here, Plaintiff has already pled a viable NVRA and HAVA enforcement claim under 52 U.S.C. §§ 20510(b), 21111, and the Complaint alleges ongoing refusal to provide statutorily required records. That suffices to warrant discovery under Rule 26.

Plaintiff's discovery requests are directly tied to the NVRA's disclosure and enforcement framework. The information sought in Topics 1–5 is plainly relevant, narrowly tailored, and proportional to the needs of the case. Defendant's motion seeks to foreclose legitimate factual inquiry into his compliance with federal law. For these reasons, the Court should deny Defendant's Motion for Protective Order and compel the noticed Rule 30(b)(6) testimony on Topics 1 through 5 as requested.

## II.    Voter List Maintenance under NVRA and HAVA

6. The County's voter list maintenance programs and procedures, including compliance with NVRA Section 8 and HAVA Section 303(a).

7. The criteria and processes used to identify potentially ineligible voters, including those who are non-citizens, may have moved, died, or become ineligible due to felony convictions or mental incapacity.

8. Timing, frequency, and methods of conducting list maintenance activities (e.g., Notice of Change of Address checks, mailings, data matching).

9. Notices sent to voters prior to removal from the voter rolls, including content, format, and delivery method, and any follow-up required under federal law.

10. Policies for removing voters from the rolls, including those based on non-voting, returned mail, or failure to respond to a notice.

11. Any use of third-party data vendors or cross-state voter registration database programs (e.g., ERIC), including the sources of data, validation processes, and actions taken as a result.

12. Safeguards in place to prevent improper purging or disenfranchisement

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

of eligible voters.

**Defendant's Position:**

A. **The Testimony Sought through Topics 6–12 Is Outside the Scope of Permissible Discovery**

The testimony sought in topics six through twelve is beyond the scope of permissible discovery under Rule 26. A party may only seek discovery that is (1) relevant to a party's claims or defenses; and (2) proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

1. **Topics 6–12 Are Not Relevant to Any Parties' Claims or Defenses**

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action." Fed. R. Evid. 401. The requirement that material sought through discovery be "relevant" "should be firmly applied." *Herbert*, 441 U.S. at 177 (1979); *see also Carrera*, 2014 WL 3695403, at *1 ("As the United States Supreme Court has explained, district courts must safeguard against discovery that goes beyond the bounds of relevancy.") (*citing Herbert*, 441 U.S. 153).

Any testimony concerning "The County's voter list maintenance programs and procedures, including compliance with NVRA Section 8 and HAVA Section 303(a)," "The criteria and processes used to identify potentially ineligible voters, including those who are non-citizens, may have moved, died, or become ineligible due to felony convictions or mental incapacity," "Timing, frequency, and methods of conducting list maintenance activities (e.g., Notice of Change of Address checks, mailings, data matching)," "Notices sent to voters prior to removal from the voter rolls, including content, format, and delivery method, and any follow-up required under federal law," "Policies for removing voters from the rolls, including those based on non-voting, returned mail, or failure to respond to a notice," "Any use of third-party data vendors or cross-state voter registration database programs (e.g., ERIC), including the sources of data, validation processes, and actions taken as a result," and "Safeguards in place to prevent improper purging or disenfranchisement of

- 24 -
JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

OFFICE OF THE COUNTY COUNSEL COUNTY OF ORANGE

eligible voters," has no tendency to make more or less probable any fact that is of consequence in determining the narrow legal questions presented through Plaintiff's claims.

Broadly, these topics seem to concern whether and how Defendant has complied with a number of substantive requirements imposed by HAVA and the NVRA regarding voter list maintenance. However, there is no allegation in the Complaint that Defendant violated any list maintenance protocols required by the NVRA or HAVA. The narrow legal issues on which the claims Plaintiff has actually pled turn on: (1) Whether the NVRA's grant of standing to the Attorney General implicitly allows Plaintiff plenary authority to extra-judicially demand protected voter information; and (2) whether the "Public Disclosure Provision" of HAVA precludes redaction of uniquely sensitive information and preempts state laws and constitutional privacy rights which require Defendant to redact sensitive personal information, such as social security numbers.

These claims turn on pure questions of law – statutory interpretation and principles of preemption. *Stephens*, 237 F.3d at 1033 ("The proper interpretation of a statute is a question of law."); *ConocoPhillips Alaska, Inc.*, 660 F.Supp.3d at 840 ("Preemption is almost always a legal question, the resolution of which is rarely aided 'by development of a more complete factual record.' The Court finds that the preemption issue in this case is a pure question of law that requires no additional factfinding to determine.").

Because no testimony which could be elicited concerning topics six through twelve would have any relevance to the claims pled in Plaintiff's Complaint, this Court should enter an order prohibiting the deposition in its entirety, or, alternatively, prohibiting enforcement of the Notice as to topics six through twelve.

### 2.    The Testimony Sought Is Not Proportional to the Needs of the Case

Rule 26 makes clear that the right to discovery, even plainly relevant discovery, is not limitless. As one court explained,

The 2015 amendments to Rule 26(b)(1) emphasize the need to impose "reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." The fundamental principle of amended Rule

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

OFFICE OF THE COUNTY COUNSEL COUNTY OF ORANGE

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

26(b)(1) is "that lawyers must size and shape their discovery requests to the requisites of a case." The pretrial process must provide parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery. This requires active involvement of federal judges to make decisions regarding the scope of discovery.

*Roberts*, 312 F.R.D. at 603 (D. Nev. Jan. 11, 2016) (*quoting John Roberts*, *2015 Year-End Report on the Federal Judiciary 6* (Dec. 31, 2015) (internal citations omitted)); *see also* Fed. R. Civ. P. 26, Advisory Committee Note (2015 Amendments) ("The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes.").

To the extent Plaintiff can plausibly identify any marginal relevance the sought testimony has to Plaintiff's claims, any such relevance is grossly disproportionate to the needs of the case. " 'Proportionality focuses on the marginal utility of the discovery sought.' " *HVI Cat Canyon, Inc.*, 2016 WL 11683593, at *4 (*quoting In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*, 180 F.Supp.3d at 280 n.43).

Again, Plaintiff's claims turn solely on issues of law. The burden of requiring an individual to familiarize themselves with the extraordinarily broad yet irrelevant subjects identified in topics six through twelve is grossly disproportionate to the minimal, if any, utility of the discovery sought, particularly in light of the Registrar of Voter's duties in administering the November 4, 2025 state-wide election. Page Declaration at ¶¶ 7–25 & Exs. A–E.

## B. Plaintiff May Not Use the Discovery Process to Support or Investigate Unpleaded Claims

To the extent Plaintiff seeks the information identified in topics six through twelve to investigate unpled violations of the NVRA or HAVA, Plaintiff may not utilize discovery in an effort to support unpleaded claims. *See, e.g.*, *Iqbal*, 556 U.S. at 679 (filing a complaint "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"); *Rivera*, 364 F.3d at 1072 ("District courts need not condone the use of

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

discovery to engage in 'fishing expedition[s].'"); *Asetek Danmark A/S*, 2021 WL 4699170, at *2 (emphasizing that parties "have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings"); *Ali*, 2020 WL 14032073, at *5 ("Plaintiff cannot use discovery as a fishing expedition to support conclusory claims. . . . Plaintiff cannot conduct discovery on claims that are not pending in this litigation."); *Hartford Underwriters Insurance Company*, 2019 WL 7987112, at *4 ("No discovery can proceed on an improperly pled claim."); *Torio*, 2016 WL 2344243, at *5 ("Plaintiffs have cited no authority for the proposition that they are entitled to conduct any discovery before stating a viable claim for relief. Anyway, discovery cannot be used as a fishing expedition for evidence of claims that have not been properly pled."); *Games2U, Inc.*, 2013 WL 4046655, at *9 (granting a motion to quash subpoena of prosecuting attorney where the alleged infringer had not alleged inequitable conduct); *Bush*, 619 F.Supp. at 601 ("Plaintiff cannot embark on a fishing expedition and expect defendants to supply him with a case by means of admissions in deposition and interrogatories.").

Defendant understands that Plaintiff may point to the third paragraph of Plaintiff's Prayer for Relief in support of its attempt to seek broad discovery. This paragraph seeks an order enjoining Defendant from "failing or refusing to comply with the requirement of HAVA or the NVRA, including the Attorney General's enforcement authority." Compl. at ¶ 47.

However, with the exception of the Complaint's reference to limited redactions made by Defendant (as required by California State law), Plaintiff does not give notice of any claimed violation of the NVRA or HAVA. *See* Compl. at ¶¶ 38–39 ("[T]he Attorney General is entitled to receive from Defendants [sic] unredacted copies of the information requested in Exhibit 1 . . . Unless and until ordered to do so by this Court, the Defendant's refusal to provide these records prevents the Attorney General from making a determination of the Defendant's compliance with the list maintenance of HAVA and represents and ongoing violation of the law."); ¶ 44 ("The Attorney General is entitled to receive from the Defendant unredacted copies of the information requested in Exhibit 1 to validate the

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

- 27 -

Defendant's compliance with disclosure requirements of the NVRA. . . . Unless and until ordered to do so by this Court, the Defendant's refusal to provide these records prevents the Attorney General from making a determination of the Defendant's compliance with the list maintenance requirements of the NVRA and represents an ongoing violation of the NVRA's disclosure requirements.").

Plaintiff may not seek discovery to support an unpleaded claim or to find evidence of statutory violations that have not been pled. Absent concrete and plausible allegations of violations of the NVRA and HAVA, and a sufficient basis to allege that such specific violations will reoccur, Plaintiff's broad request for an injunction to follow the law is far from sufficient to unlock the door to broad and free-ranging discovery seeking any and all evidence of violations of HAVA or the NVRA. A party may not use discovery "to find facts that may give credence to an unartfully pled complaint" and the discovery rules do not "unlock the door to discovery for a plaintiff armed with nothing more than conclusions." *Van Heel*, 2020 WL 6541989, at *4.

In short, unless and until Plaintiff can and does (consistent with the requirement of Rule 11) allege discrete, plausible, and factually supported violations of HAVA or the NVRA, Plaintiff may not engage in freewheeling discovery in an attempt to find evidence of such (non-existent) violations.

## C. Topics 6–12 Fail to Describe With Reasonable Particularity the Matters for Examination

Rule 30(b)(6) requires that the matters for examination be described with "reasonable particularity." *Id.*

"A party who notices a Rule 30(b)(6) deposition should apply fairness and reasonableness to the scope of the matters that the witness is required to testify about, [which means that] 'the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute.'" *Snyder*, 2022 WL 17185009 at *2 (*quoting Prokosch*, 193 F.R.D. at 638); *see also, e.g.*, *Batiste*, 2023 WL 2951538, at *2 ("[T]he requesting party

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1  must take care to designate, with painstaking specificity, the particular subject areas that are

2  intended to be questioned, and that are relevant to the issues in dispute. . . . The 'painstaking

3  specificity' standard described in *Prokosch* has been adopted and approved by many courts

4  in this Circuit.") (collecting cases); *Willy*, 2022 WL 1553703 at *3 ("Because Rule 30(b)(6)

5  places substantial responsibilities and burdens on corporate designees, for the rule to

6  function effectively, a requesting party must designate with painstaking specificity, the

7  particular subject areas that intended to be questioned."); *Littlefield*, 2017 WL 10439791, at

8  *7 ("For Rule 30(b)(6) to effectively function, the requesting party must take care to

9  designate, with painstaking specificity, the particular subject areas that are intended to be

10  questioned, and that are relevant to the issues in dispute.") (internal citations and quotations

11  omitted).

12  Courts "have not hesitated to issue protective orders when corporations are asked to

13  respond to overly broad or unfocused Rule 30(b)(6) deposition notices." *Lipari*, 2008 WL

14  4642618, at *6; *see also, e.g., Alvarado-Herrera*, 344 F.R.D. at 107 ("[C]ourts have

15  repeatedly emphasized the practical constraints on the scope of a Rule 30(b)(6) deposition

16  in that it is not feasible for a Rule 30(b)(6) witness to know the intimate details of

17  everything."); *Apple*, 2012 WL 1511901, at *2 (extremely broad 30(b)(6) notice "render[s]

18  unworkable the obligation of the responding party to make a conscientious, good-faith effort

19  to designate knowledgeable persons . . . and to prepare them to fully and unevasively

20  answer questions about the designated subject matter"); *RM Dean Farms*, 2012 WL

21  169889, at *1 (granting protective order where "[t]he 30(b)(6) notice would require

22  [defendant] to produce a corporate representative or corporate representatives to testify on

23  topics so vast in number, so vast in scope, so open ended, and so vague that compliance

24  with the notice would be impossible").

25  The subjects in topics six through twelve are not described with anything approaching

26  reasonable particularity and Plaintiff has certainly not designated these topics with

27  "painstaking specificity." On the contrary, the topics are temporally unlimited, vague, and

28  breathtakingly broad, effectively requiring a deponent to testify on each and every measure

- 29 -

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1   taken by every employee since the NVRA and HAVA were enacted to comply with legally

2   complex and broad federal statutory schemes. (*cf. Arizona*, 570 U.S. at 5 ("[The NVRA]

3   erects a complex superstructure of federal regulation atop state voter-registration systems").

4   For example, topic six seeks all information reasonably available to Defendant

5   concerning all of the "County's voter list maintenance programs and procedures, *including*

6   compliance with NVRA Section 8 and HAVA Section 303(a)." This topic is antithetical to

7   Rule 30(b)(6)'s demand for reasonable particularity, and has no limiting principle

8   whatsoever. Section 8 of the NVRA refers to the Defendant's duties in implementing a list

9   maintenance program aimed at ensuring the integrity of voter registration rolls conforms to

10  certain basic requirements, including detailed restrictions on the removal of voters from the

11  voter registration rolls that are uniform, nondiscriminatory and in compliance with the

12  Voting Rights Act of 1965. *See* 52 U.S.C. §§ 20504(a), 20506(a), 20507. Between January

13  1, 2025 to September 2, 2025, over 61,000 new registrants were added to the voter rolls,

14  over 270,000 updated their records, and Defendant cancelled over 195,000 voter

15  registrations, which are all activities that are subject to the NVRA. Page Decl. ¶ 13 & Ex. C.

16  Likewise, HAVA Section 303(a) refers to HAVA's requirement that *the State*

17  establish a single, official, centralized, interactive, and computerized statewide voter

18  registration list, which in turn is implemented in California through a comprehensive body

19  of regulations governing the establishment and operation of California's statewide voter

20  registration system. 52 U.S.C. § 21083; 2 CCR §§ 19060-19098. Thus, requiring Defendant

21  to broadly testify on his office's activities in compliance with this exhaustive legal and

22  regulatory scheme imposes an extraordinary and undue burden.  It is not clear what exactly

23  Plaintiff is seeking here but Defendant should not be burdened with preparing a deponent on

24  such vaguely identified topics.  *See Poulos*, 2020 WL 8509663, at *3 (denying motion to

25  compel 30(b)(6) testimony concerning "all customs, practices, policies, and procedures of

26  the City concerning officer involvement in wrongful convictions in 2001" because

27  "Plaintiffs cannot expect these topics to be 'known or reasonably available' when their

28  wording is so broad and imprecise" and so that topic fails "to reach the "reasonable

- 30 -

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

particularity" standard mandated by Rule 30(b)(6)").

### D.    Topics 6–12 Are Grossly Overbroad and, In Conjunction with the Other 24 Requests, Impose an Extraordinary and Undue Burden

While a corporation or other legal entity must make a good faith effort to prepare a Rule 30(b)(6) witness to "fully and unevasively answer questions about the designated subject matter," "that task becomes less realistic and increasingly impossible as the number and breadth of noticed subject areas expand." *Bresk*, 2017 WL 10439831, at *8 (*citing Apple, Inc.*, 2012 WL 1511901, at *2) (internal quotation marks omitted); *see also Reed*, 193 F.R.D. 689, 692 ("An overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task.").

Topic six through twelve seek all information concerning all efforts to comply with complex and broad federal statutory schemes governing voter list maintenance and procedures. Topics one through five and thirteen similarly seek testimony concerning effectively all efforts to comply with all other aspects of HAVA and the NVRA.

Together, the thirty-one topics seek to burden Defendant with preparation of nearly every fact even tangentially related to the subject matter of the litigation, except, incredibly, the actual narrow legal questions in dispute (whether HAVA implicitly grants Plaintiff plenary and extra-judicial authority to command the production of sensitive personal voter information, and whether the NVRA preempts state statutes mandating the non-disclosure of sensitive voter information). *Compare with SGII, Inc.*, 2021 WL 6752324, at *5 ("Rule 30(b)(6) does not permit burdening the responding party with production and preparation of a witness on every facet of the litigation.") (internal quotation omitted); *see also Wheel Grp. Holdings, LLC*, 2018 WL 6264980, at *4 ("Discovery requests seeking irrelevant information are inherently undue and burdensome.") (collecting cases).

Because the burden of preparing a witness on every facet of compliance with a number of complex statutory schemes is grossly disproportionate to the needs of a case that turns on legal questions of statutory interpretation and preemption principles, the Notice should not be enforced as drafted, particularly in light of the Registrar of Voter's duties in

administering the November 4, 2025 state-wide election. Page Declaration at ¶¶ 7–25 & Exs. A–E.

### E. The Information Sought through Topics 6–12 Should be Sought, If at All, through Interrogatories, Not a Rule 30(b)(6) Deposition

Even if the information sought through topics six through twelve had some minimal relevance to the Parties' claims and defenses, and even if the topic were described with sufficient particularity, this information should be sought through interrogatories or other discovery devices, not an overly broad and burdensome Rule 30(b)(6) deposition notice. *See, e.g.*, *Alvarado-Herrera*, 344 F.R.D. 103, 108 ("Determining whether a Rule 30(b)(6) notice is impermissibly excessive blends the concepts of burdensomeness and proportionality. . . . Pertinent circumstances for consideration include . . . whether the information can be obtained more efficiently through other means.").

Many courts have found that "when the proposed deposition topics are complex and highly technical *or involve legal issues that require the assistance of an attorney*, the interrogatory is the preferred device." *Memory Integrity LLC*, 308 F.R.D. at 661 (emphasis added); *see also HVI Cat Canyon, Inc.*, 2016 WL 11683593, at *7 ("Even if topics are identified with the requisite specificity, many courts have found that when the proposed deposition topics are complex and highly technical, or involve legal issues that require the assistance of an attorney, the interrogatory is the preferred device.") (internal quotation omitted); *Bank of Am., N.A.*, 2016 WL 2843802, at *3 ("Other courts have required a party to serve contention interrogatories in lieu of a Rule 30(b)(6) deposition where the topic requires the responding party to provide its legal analysis on complex issues."); *Lenz*, 2010 WL 1610074, at *3 (inquiries seeking "legal conclusions . . . should not form the basis for 30(b)(6) deposition topics"); *3M Co.*, 2007 WL 1794936, at *2 (same); *Niagara Mohawk Power Corp.*, 125 F.R.D. at 593 (recognizing viability of interrogatories as an alternative discovery method to a Rule 30(b)(6) deposition).

Topics six through twelve seek information concerning efforts on the part of Defendant to comply with list maintenance programs and similar activities governed by two

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

- 32 -

separate complex federal statutory schemes – the National Voter Registration Act and the Help America Vote Act. This testimony will require an articulation of Defendant's understanding of the specific legal requirements imposed by these statutory schemes, and efforts to discharge any legal duties imposed by this scheme. This testimony undeniably "involve[s] legal issues." Additionally, Defendant's understanding of the legal duties imposed by the NVRA and HAVA is informed by advice of counsel, and any testimony on this topic runs a substantial risk of invading the attorney-client privilege and the work product doctrine. Page Decl. at ¶¶ 15, 26–27.

To the extent there is any marginal relevance to the information sought through these broad and unfocused requests, this information should be sought through narrow and properly focused interrogatories.

### F.    Plaintiff Failed to Meet and Confer "About the Matters for Examination" Before or Shortly after Service of the Deposition Notice

In December of 2020, Rule 30(b)(6) was amended to require that a serving party meet and confer with the deponent entity "about the matters for examination." *Id.* ("Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination.")

Plaintiff failed to meet and confer with Defendant about the "matters for examination" before or promptly after service of the Notice. Shoai Decl. at ¶¶ 5–8 and Exs. C–E; *Los Angeles Unified School District*, 2022 WL 423412, at *1 ("And perhaps most importantly, Defendants never explain (ECF 129-1 at 3) how they complied with the requirement—recently added in December 2020—that '[b]efore or promptly after the notice . . . is served, the serving party and the organization must confer in good faith *about the matters for examination*.['] . . . For all these reasons, Defendants' ex parte application is denied. The denial is without prejudice, however, if the parties obtain an extension of the fact discovery cutoff from the district court. But even then, strict compliance with amended Rule 30(b)(6) and Local Rule 37 will be expected and enforced.") (emphasis in original); *compare also Lake*, 2023 WL 8283671, at *10 ("The first time plaintiff's counsel appears to

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

OFFICE OF THE COUNTY COUNSEL COUNTY OF ORANGE

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1  propose specific topics for another PMK deposition is in her October 30th email and, hours

2  later, the noticing of the deposition. (Citation) Proposing specific topics for a PMK

3  deposition are the start—not the end—of the kind of conferral required by the Federal and

4  Local Rules and the undersigned's prior orders.") *with* Shoai Decl. at ¶¶ 6–8 & Exs. D, E.

5       This failure directly led to the necessity of this motion – if Plaintiff had discharged its

6  statutory duty, there is a realistic possibility the Parties could have narrowed certain topics,

7  agreed that certain topics would be better addressed in interrogatories, or, at minimum,

8  better understood the scope of any disagreement and the Parties' respective positions.

9       While this failure alone may not be sufficient grounds to preclude the deposition in its

10  entirely in the future, this failure does support an order prohibiting enforcement of the

11  Notice as drafted and requiring Plaintiff to re-serve and potentially re-draft the Notice after

12  engaging in the iterative and interactive process mandated in the Federal Rules of Civil

13  Procedure.

14      **G.**    **Proposal to Resolve Dispute**

15       At the conference of counsel, Defendant proposed to resolve this dispute by either:

16  (1) narrowing some or all of the topics (e.g., substantially narrowing or omitting topic six,

17  concerning "The County's voter list maintenance programs and procedures, including

18  compliance with NVRA Section 8 and HAVA Section 303(a).") or (2) withdrawing the

19  Rule 30(b)(6) Notice in light of the narrow legal issues presented in the Complaint.

20  Richards Decl. ¶ 17.

21       Plaintiff declined to do so, and indicated that Defendant should serve written

22  objections or object on the record as to specific topics or questions. *Id*. Plaintiff generally

23  took the position that Plaintiff is entitled to "everything under the sun," and that any

24  objections concerning Plaintiff's rights to any discovery would have to be  "taken up with"

25  the Court. *Id.* at ¶¶ 15, 23.

26  **Plaintiff's Position:**

27      **A.**    **The Testimony Sought through Topics 6–12 Is Well Within the Scope of**

28             **Permissible Discovery.**

Rule 26(b)(1) allows discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The Ninth Circuit construes relevance in discovery "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). Discovery should not be cut off where it could clarify key facts relevant to the statutory claims at issue. *Id.*

"District courts have broad discretion in pretrial management matters," including in discovery matters. *Curet-Velázquez v. ACEMLA de Puerto Rico, Inc.*, 656 F.3d 47, 54 (1st Cir. 2011); *see also Netherlands Ins. Co. v. HP, Inc.* , 648 F. Supp. 3d 271, 2022 WL 18027562, at *2 (D. Mass. 2022); *Faigin v. Kelly*, 184 F.3d 67, 84 (1st Cir. 1999) ("A district court's case-management powers apply with particular force to the regulation of discovery and the reconciliation of discovery disputes."). To that extent, "district courts must be afforded wide latitude in the management of discovery." *Danny B. ex rel. Elliott v. Raimondo*, 784 F.3d 825, 834 (1st Cir. 2015). Federal Rule of Civil Procedure 26(b)(1) permits a party to obtain discovery that is "'relevant to any party's claim or defense.'" *Gardner v. Cape Cod Healthcare, Inc.*, 344 F.R.D. 127, 132 (D. Mass. 2023) (quoting Fed. R. Civ. P. 26(b)(1)). As discovery "'is designed to help define and clarify the issues,' the limits set forth in Rule 26 must be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'" *Martin v. Evans*, No. 16-cv-11362-PBS, 2018 U.S. Dist. LEXIS 233381, 2018 WL 10247394, at *1 (D. Mass. Feb. 6, 2018) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978)). *Pérez v. Caribbean Electrophysiology Servs.*, No. 24-1531 (GMM), 2025 U.S. Dist. LEXIS 208481, at *10 (D.P.R. Oct. 21, 2025).

### 1.   Topics 6–12 Are Directly Relevant to Plaintiff's Claims.

Defendant misstates the nature of the case. Plaintiff alleges that Defendant's refusal to produce unredacted voter-list information prevents the Attorney General from determining

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

Defendant's compliance with the list-maintenance provisions of the NVRA and HAVA, in violation of federal law. (Compl. ¶¶ 38–44.) The case centers on whether Defendant is compliant with NVRA list maintenance requirements and how Defendant actually conducts list maintenance, what data it uses, how it identifies potentially ineligible voters, and what safeguards it employs to avoid errors in its voter registration lists. In other words, whether Defendant is, in fact, properly maintaining voter registration lists.

Each of Topics 6–12 targets those factual issues. Far from being irrelevant, these subjects go to the heart of whether Defendant's invocation of state privacy laws is consistent with or preempted by federal voter-list requirements.

Defendant's reliance on *Herbert v. Lando*, 441 U.S. 153 (1979), is misplaced. *Herbert* confirmed courts' discretion to manage discovery—not to foreclose fact development essential to statutory enforcement. Here, discovery into Defendant's list-maintenance operations is necessary for the Court to evaluate whether Defendant's conduct violates, or is preempted by, the NVRA and HAVA.

### 2.    The Testimony Sought Is Proportional to the Needs of the Case.

In evaluating the proportionality of a discovery request, a court should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The party seeking discovery bears the burden of establishing that its request satisfies the relevancy requirements under Rule 26(b)(1). *La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012). The resisting [*5] party, in turn, has the burden to show that the discovery should not be allowed. *Id*. The resisting party must specifically explain the reasons why the request at issue is objectionable and may not rely on boilerplate, conclusory, or speculative arguments. *Id*. S*ee also Blankenship v. Hearst Corp*., 519 F.2d 418, 429 (9th Cir. 1975) ("Under the liberal discovery principles of the Federal Rules defendants were required to carry a heavy burden of showing why discovery was denied.").

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

OFFICE OF THE COUNTY COUNSEL COUNTY OF ORANGE

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

The Court has broad discretion and authority to manage discovery. *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion."); *Laub v. United States DOI*, 342 F.3d 1080, 1093 (9th Cir. 2003). As part of its inherent discretion and authority, the Court has broad discretion in determining relevancy for discovery purposes. *Surfvivor Media, Inc. v. Survivor Prods*., 406 F.3d 625, 635 (9th Cir. 2005) (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). Similarly, a district court's determination as to proportionality of discovery is within the district court's discretion. *See Jones v. Riot Hospitality Grp. LLC*, 95 F.4th 730, 737-38 (9th Cir. 2024) (finding district court did not abuse discretion on proportionality ruling). Ultimately, "the timing, sequencing and proportionality of discovery is left to the discretion of the Court." *Toro v. Centene Corp*., 2020 U.S. Dist. LEXIS 191368, 2020 WL 6108643, at *1 (N.D. Cal. Oct. 14, 2020). *Jefferies Funding LLC v. Dasagroup Holdings Corp*., No. 24-cv-05639, 2025 U.S. Dist. LEXIS 202786, at *4-5 (N.D. Cal. Oct. 14, 2025).

Accordingly, under the liberal discovery principles of Rule 26 and the Court's broad discretion to manage discovery, the testimony sought is proportional to the needs of the case. The importance of the issues at stake and the need for clarity in Defendant's list-maintenance procedures decisively outweigh any claimed administrative burden.

### 3.    Plaintiff May Use Discovery to Substantiate and Clarify Its Claims.

"The purpose of discovery is to make trial less a game of blind man's bluff [*4] and more a fair contest with the basic issues and facts disclosed to the fullest extent possible, and to narrow and clarify the issues in dispute." *Jadwin v. Cnty. Of Kern*, No. 1:07-cv-0026-OWW-TAG, 2008 U.S. Dist. LEXIS 119832, 2008 WL 2025093, *1 (E.D. Cal. May 9, 2008) (quotation and citations omitted). *Bd. of Trs. of the Kern Cty. Elec. Workers' Pension Fund v. Trinity Constr. Enters*., No. 1:24-cv-00563-JLT-CDB, 2025 U.S. Dist. LEXIS 81304, at *3-4 (E.D. Cal. Apr. 29, 2025).

Plaintiff's request for an injunction preventing Defendant from "failing or refusing to comply" with HAVA and NVRA (Compl. ¶ 47) squarely places Defendant's compliance at

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

issue. Discovery concerning how Defendant conducts voter-list maintenance is thus proper. *See United States v. California*, 314 F. Supp. 3d at 1105 (declining to limit discovery into state compliance practices where such facts were "relevant to enforcement of federal law").

Topics 6–12 seek factual information directly tied to enforcement of two Federal statutes and therefore are legitimate.

### 4.    Topics 6–12 Describe the Matters for Examination with Reasonable Particularity.

Rule 30(b)(6) requires that deposition topics be described with "reasonable particularity," not exhaustive detail. Courts in this district apply a standard of practical specificity. *See Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co.*, 251 F.R.D. 534, 539 (D. Nev. 2008) (cited favorably in *Apple Inc. v. Samsung Elecs. Co.*, No. 12-cv-00630-LHK, 2012 WL 1511901, at *2 (N.D. Cal. Jan. 27, 2012)).

Each of Topics 6–12 identifies distinct, limited subject areas that track the NVRA's and HAVA's statutory subsections—e.g., identification of ineligible voters, timing of list maintenance, notices, and use of third-party data. These are not amorphous "catch-all" topics; they are concrete, statutorily grounded subjects directly related to the issues in the present case.

### 5.    Defendant's Burden Claims Are Unsupported.

The party seeking a protective order bears the burden of showing good cause for the order by "demonstrating harm or prejudice that will result from the [*263] discovery." *Apple Inc. v. Samsung Elecs. Co*., 282 F.R.D. 259, 262-63 (N.D. Cal. 2012). Generalized assertions of difficulty are insufficient. *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

Defendant has provided no quantified showing—no estimated preparation hours, no evidence of cost, no affidavit of undue interference. Without that, it cannot meet the "good cause" threshold. *Id.* The breadth of the topics reflects the complexity of the federal scheme Defendant must administer, not overreach by Plaintiff.

### 6.    A Rule 30(b)(6) Deposition Is the Proper Discovery Mechanism.

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

OFFICE OF THE COUNTY COUNSEL COUNTY OF ORANGE

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1    Defendant's assertion that Plaintiff should obtain the information sought through
2    interrogatories rather than by deposition is contrary to both the Federal Rules of Civil
3    Procedure and established case law. Rule 26 expressly allows a party to "obtain discovery by
4    one or more of the following methods: depositions upon oral examination or written
5    questions; written interrogatories; production of documents or things; …" Fed. R. Civ. P.
6    26(a)(5).

7    Nothing in the Rules gives an opposing party the right to dictate which method of
8    discovery another party must use. A party is generally entitled to choose the discovery method
9    it deems most effective pursuant to the Federal Rules of Civil Procedure.

10    Rule 30, in turn, specifically authorizes a party to take the deposition of any person,
11    including a party, without leave of court except as otherwise provided. Fed. R. Civ. P.
12    30(a)(1). The only limitations arise under Rule 26(b)(2)(C), which allows the court to limit
13    discovery that is unreasonably cumulative, duplicative, or obtainable from some other source
14    that is more convenient or less burdensome. Defendant has made no such showing here.
15    Generalized claims that written interrogatories would be more convenient are insufficient to
16    deny a properly noticed deposition. *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th
17    Cir. 1975) (defendants carry a "heavy burden" of showing why discovery should be denied
18    under the liberal discovery principles of the Federal Rules).

19    Moreover, depositions serve a distinct function that cannot be replaced by
20    interrogatories. A deposition allows for follow-up questioning, clarification, and the
21    assessment of witness credibility—advantages that written responses cannot provide. Thus,
22    the fact that Plaintiffs could theoretically obtain some information through interrogatories
23    does not preclude the use of a deposition.

24    To the extent Defendant contends that responding by deposition would be burdensome,
25    Rule 26(c)(1) requires a showing of "good cause" supported by specific facts, not conclusory
26    assertions. *See supra.* Defendant offers none. Absent a concrete showing that the deposition
27    would be cumulative or unduly burdensome, the Court should not restrict Plaintiff's choice
28    of discovery method. Accordingly, Plaintiff is entitled to proceed by deposition under Rules

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

26 and 30. Defendant cannot compel Plaintiff to resort to written interrogatories simply because it would prefer a less probing form of discovery. Plaintiff is entitled to examine a witness about how Defendant actually executes voter list-maintenance functions including the outlined particular categories.

### 7.    Plaintiff Satisfied Rule 30(b)(6)'s Meet-and-Confer Requirement.

Rule 30(b)(6), as amended in 2020, requires the parties to "confer in good faith" about the matters for examination. Plaintiff did so by providing detailed written notice of the topics and inviting discussion. Defendant's refusal to narrow or clarify any topics does not render Plaintiff's effort deficient. The rule does not impose a duty to reach agreement—only to confer in good faith. Specifically, Federal Rule 30(b)(6) states that "Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination. USCS Fed Rules Civ Proc R 30.

In compliance with this rule, Plaintiff emailed counsel for Defendant, Ms. Suzanne Shoai, on September 24, 2025, and included the deposition categories. Further, Plaintiff stated in a follow up email to Shoai on September 25, 2025, "I just wanted to follow up on this. Let me know if this works or want to jump on a quick call."

On September 25, 2025, Ms. Shoai responded "Thanks for checking in. I am speaking with my client to figure out who can be designated for these different topics and to identify their availability. I will get back to you by Monday with more information." Shoai did not respond to the offer of a phone call and did not object to any category outlined in the notice of deposition categories sent to her by Plaintiff. (See emails exchanged, Plaintiff's Ex. 1).

While counsel communicated by email, the government shutdown was imminent at that time and Plaintiff sent its notice of deposition with the deposition categories previously sent to Shoai. Thereafter attorney Michael Gates, on behalf of Plaintiff, conferred with counsel for Defendant by phone on Monday October 20, 2025. At that time counsel for the Parties could not agree on how to resolve the discovery dispute regarding the topics of the notice of deposition served by Plaintiff, however, Plaintiff participated in good faith to confer as shown by the emails and subsequent telephonic conference.

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

### 8.    Conclusion and Proposal

Defendant's motion seeks to block legitimate inquiry into matters at the core of this action. Topics 6–12 are relevant, proportional, and described with adequate particularity under the Federal Rules and applicable case law.

Accordingly, Plaintiff respectfully requests that the Court deny Defendant's motion for protective order and order Defendant to produce a Rule 30(b)(6) witness prepared to testify fully on Topics 6–12 as noticed.

### III.    Identity Verification and HAVA Requirements

13. Implementation of HAVA's voter registration requirements, including the use of the statewide voter registration database (HAVA Section 303).

14. Procedures for verifying the identity of first-time voters who register by mail, including the collection and retention of ID documentation (HAVA Section 303(b)).

15. The types of acceptable ID for registration and voting, and the statutory or regulatory basis for those requirements.

16. Matching of voter registration data with state or federal databases (e.g., DMV, SSA) for identity verification, including any matching criteria or thresholds.

17. Handling of registration applications that fail database matching or lack required ID documentation.

18. Training and guidance provided to county/local election officials regarding ID verification and database matching.

**Defendant's Position:**

### A.    The Testimony Sought Through Topics 13–18 Is Outside the Scope of Permissible Discovery

The testimony sought in topics thirteen through eighteen is beyond the scope of permissible discovery under Rule 26. A party may only seek discovery that is (1) relevant to

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

1  a party's claims or defenses; and (2) proportional to the needs of the case. Fed. R. Civ. P.

2  26(b)(1).

3  **1.    Topics 13–18 Are Not Relevant to Any Parties' Claims or Defenses**

4  Evidence is relevant if "it has any tendency to make a fact more or less probable than

5  it would be without the evidence, and the fact is of consequence in determining the action."

6  Fed. R. Evid. 401. The requirement that material sought through discovery be "relevant"

7  "should be firmly applied." *Herbert,* 441 U.S. at 177; *see also Carrera*, 2014 WL 3695403,

8  at *1 ("As the United States Supreme Court has explained, district courts must safeguard

9  against discovery that goes beyond the bounds of relevancy.") (*citing Herbert*, 441 U.S.

10  153).

11  Any testimony concerning "Implementation of HAVA's voter registration

12  requirements, including the use of the statewide voter registration database (HAVA Section

13  303)," "Procedures for verifying the identity of first-time voters who register by mail,

14  including the collection and retention of ID documentation (HAVA Section 303(b))," "The

15  types of acceptable ID for registration and voting, and the statutory or regulatory basis for

16  those requirements," "Matching of voter registration data with state or federal databases

17  (e.g., DMV, SSA) for identity verification, including any matching criteria or thresholds,"

18  Handling of registration applications that fail database matching or lack required ID

19  documentation," and "Training and guidance provided to county/local election officials

20  regarding ID verification and database matching" has no tendency to make more or less

21  probable any fact that is of consequence in determining the narrow legal questions presented

22  through Plaintiff's claims.

23  Again, the narrow legal issues on which the claims Plaintiff has actually pled turn on:

24  (1) Whether the NVRA's grant of standing to the Attorney General implicitly allows

25  Plaintiff plenary authority to extra-judicially demand protected voter information; and (2)

26  whether the "Public Disclosure Provision" of HAVA precludes redaction of uniquely

27  sensitive information and preempts state laws and constitutional privacy rights which

28  require Defendant to redact sensitive personal information, such as social security numbers.

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

The Complaint only alleges that Defendant violated the NVRA and HAVA by redacting
material as required by state law.  There is no allegation that Defendant violated any HAVA
voter registration requirement, and no need for Person Most Knowledgeable deposition
testimony regarding these topics.

Rather, Plaintiff's claims turn on pure issues of law – statutory interpretation and
principles of preemption. *Stephens*, 237 F.3d at 1033 ("The proper interpretation of a statute
is a question of law."); *ConocoPhillips Alaska, Inc.*, 660 F.Supp.3d at 840 ("Preemption is
almost always a legal question, the resolution of which is rarely aided 'by development of a
more complete factual record.' The Court finds that the preemption issue in this case is a
pure question of law that requires no additional factfinding to determine.").

Because no testimony which could be elicited concerning topics thirteen through
eighteen would have any relevance to the claims pled in Plaintiff's Complaint, this Court
should enter an order prohibiting the deposition in its entirety, or, alternatively, prohibiting
enforcement of the Notice as to topics thirteen through eighteen.

### 2.    The Testimony Sought Is Not Proportional to the Needs of the Case

Rule 26 makes clear that the right to discovery, even plainly relevant discovery, is not
limitless. As one court explained,

> The 2015 amendments to Rule 26(b)(1) emphasize the need to impose
> "reasonable limits on discovery through increased reliance on the common-
> sense concept of proportionality." The fundamental principle of amended Rule
> 26(b)(1) is "that lawyers must size and shape their discovery requests to the
> requisites of a case." The pretrial process must provide parties with efficient
> access to what is needed to prove a claim or defense, but eliminate unnecessary
> or wasteful discovery. This requires active involvement of federal judges to
> make decisions regarding the scope of discovery.

*Roberts*, 312 F.R.D. at 603 (*quoting* John Roberts, *2015 Year-End Report on the Federal
Judiciary 6* (Dec. 31, 2015) (internal citations omitted)); *see also* Fed. R. Civ. P. 26,
Advisory Committee Note (2015 Amendments) ("The parties and the court have a

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1  collective responsibility to consider the proportionality of all discovery and consider it in

2  resolving discovery disputes.").

3      To the extent Plaintiff can plausibly identify any marginal relevance the sought

4  testimony has to Plaintiff's claims, any such relevance is grossly disproportionate to the

5  needs of the case. " 'Proportionality focuses on the marginal utility of the discovery

6  sought.' " *HVI Cat Canyon, Inc.*, 2016 WL 11683593, at *4 (*quoting In re Methyl Tertiary*

7  *Butyl Ether Prod. Liab. Litig.*, 180 F.Supp.3d at 280 n.43).

8      Again, Plaintiff's claims turn solely on issues of law. The burden of requiring an

9  individual to familiarize themselves with the extraordinarily broad yet irrelevant subjects

10  identified in topics thirteen through eighteen is grossly disproportionate to the minimal, if

11  any, utility of the discovery sought, particularly in light of the Registrar of Voter's duties in

12  administering the November 4, 2025 state-wide election. Page Declaration at ¶¶ 7–25 &

13  Exs. A–E.

### B.    Plaintiff May Not Use the Discovery Process to Support or Investigate Unpleaded Claims

16      To the extent Plaintiff seeks the information identified in topics thirteen through

17  eighteen to investigate unpled violations of HAVA, Plaintiff may not utilize discovery in an

18  effort to support unpleaded claims. *See, e.g.*, *Iqbal*, 556 U.S. at 679 (filing a complaint

19  "does not unlock the doors of discovery for a plaintiff armed with nothing more than

20  conclusions"); *Rivera*, 364 F.3d at 1072 ("District courts need not condone the use of

21  discovery to engage in 'fishing expedition[s].'"); *Asetek Danmark A/S*, 2021 WL 4699170,

22  at *2 (emphasizing that parties "have no entitlement to discovery to develop new claims or

23  defenses that are not already identified in the pleadings"); *Ali*, 2020 WL 14032073, at *5

24  ("Plaintiff cannot use discovery as a fishing expedition to support conclusory claims. . . .

25  Plaintiff cannot conduct discovery on claims that are not pending in this litigation.");

26  *Hartford Underwriters Insurance Company*, 2019 WL 7987112, at *4 ("No discovery can

27  proceed on an improperly pled claim."); *Torio*, 2016 WL 2344243, at *5 ("Plaintiffs have

28  cited no authority for the proposition that they are entitled to conduct any discovery before

1   stating a viable claim for relief. Anyway, discovery cannot be used as a fishing expedition

2   for evidence of claims that have not been properly pled."); *Games2U, Inc.*, 2013 WL

3   4046655, at *9 (granting a motion to quash subpoena of prosecuting attorney where the

4   alleged infringer had not alleged inequitable conduct); *Bush*, 619 F.Supp. at 601 ("Plaintiff

5   cannot embark on a fishing expedition and expect defendants to supply him with a case by

6   means of admissions in deposition and interrogatories.").

7        Defendant understands that Plaintiff may point to the third paragraph of Plaintiff's

8   Prayer for Relief in support of its attempt to seek broad discovery. This paragraph seeks an

9   order enjoining Defendant from "failing or refusing to comply with the requirement of

10  HAVA or the NVRA, including the Attorney General's enforcement authority." Compl. at ¶

11  47.

12       However, with the exception of the Complaint's reference to limited redactions made

13  by Defendant (as required by California State law), Plaintiff does not give notice of any

14  claimed violation of the NVRA or HAVA. *See* Compl. at ¶¶ 38–39 ("[T]he Attorney

15  General is entitled to receive from Defendants [sic] unredacted copies of the information

16  requested in Exhibit 1 . . . Unless and until ordered to do so by this Court, the Defendant's

17  refusal to provide these records prevents the Attorney General from making a determination

18  of the Defendant's compliance with the list maintenance of HAVA and represents and

19  ongoing violation of the law."); ¶ 44 ("The Attorney General is entitled to receive from the

20  Defendant unredacted copies of the information requested in Exhibit 1 to validate the

21  Defendant's compliance with disclosure requirements of the NVRA. . . . Unless and until

22  ordered to do so by this Court, the Defendant's refusal to provide these records prevents the

23  Attorney General from making a determination of the Defendant's compliance with the list

24  maintenance requirements of the NVRA and represents an ongoing violation of the NVRA'

25  s disclosure requirements.").

26       Plaintiff may not seek discovery to support an unpleaded claim or to find evidence of

27  statutory violations that have not been pled. Absent concrete and plausible allegations of

28  violations of the NVRA and HAVA, and a sufficient basis to allege that such violations will

- 45 -

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1  reoccur, Plaintiff's broad request for an injunction to follow the law is far from sufficient to

2  unlock the door to broad and free-ranging discovery seeking any and all evidence of

3  violations of HAVA or the NVRA. A party may not use discovery "to find facts that may

4  give credence to an unartfully pled complaint" and the discovery rules do not "unlock the

5  door to discovery for a plaintiff armed with nothing more than conclusions." *Van Heel*,

6  2020 WL 6541989, at *4.

7      In short, unless and until Plaintiff can and does (consistent with the requirement of

8  Rule 11) allege discrete, plausible, and factually supported violations of HAVA or the

9  NVRA, Plaintiff may not engage in freewheeling discovery in an attempt to find evidence

10  of such (non-existent) violations.

11  **C.    Topics 13–18 Fail to Describe with Reasonable Particularity the Matters**

12  **for Examination**

13      Rule 30(b)(6) requires that the matters for examination be described with "reasonable

14  particularity." *Id.*

15      "A party who notices a Rule 30(b)(6) deposition should apply fairness and

16  reasonableness to the scope of the matters that the witness is required to testify about,

17  [which means that] 'the requesting party must take care to designate, with painstaking

18  specificity, the particular subject areas that are intended to be questioned, and that are

19  relevant to the issues in dispute." *Snyder*, 2022 WL 17185009 at *2 (*quoting Prokosch*, 193

20  F.R.D. at 638); *see also, e.g.*, *Batiste*, 2023 WL 2951538, at *2 ("[T]he requesting party

21  must take care to designate, with painstaking specificity, the particular subject areas that are

22  intended to be questioned, and that are relevant to the issues in dispute. . . . The 'painstaking

23  specificity' standard described in *Prokosch* has been adopted and approved by many courts

24  in this Circuit.") (collecting cases); *Willy*, 2022 WL 1553703 at *3 ("Because Rule 30(b)(6)

25  places substantial responsibilities and burdens on corporate designees, for the rule to

26  function effectively, a requesting party must designate with painstaking specificity, the

27  particular subject areas that intended to be questioned."); *Littlefield*, 2017 WL 10439791, at

28  *7 ("For Rule 30(b)(6) to effectively function, the requesting party must take care to

- 46 -

1  designate, with painstaking specificity, the particular subject areas that are intended to be

2  questioned, and that are relevant to the issues in dispute.") (internal citations and quotations

3  omitted).

4  Courts "have not hesitated to issue protective orders when corporations are asked to

5  respond to overly broad or unfocused Rule 30(b)(6) deposition notices." *Lipari*, 2008 WL

6  4642618, at *6; *see also, e.g., Alvarado-Herrera*, 344 F.R.D. at 107 ("[C]ourts have

7  repeatedly emphasized the practical constraints on the scope of a Rule 30(b)(6) deposition

8  in that it is not feasible for a Rule 30(b)(6) witness to know the intimate details of

9  everything."); *Apple*, 2012 WL 1511901, at *2 (extremely broad 30(b)(6) notice "render[s]

10  unworkable the obligation of the responding party to make a conscientious, good-faith effort

11  to designate knowledgeable persons . . . and to prepare them to fully and unevasively

12  answer questions about the designated subject matter"); *RM Dean Farms*, 2012 WL

13  169889, at *1 (granting protective order where "[t]he 30(b)(6) notice would require

14  [defendant] to produce a corporate representative or corporate representatives to testify on

15  topics so vast in number, so vast in scope, so open ended, and so vague that compliance

16  with the notice would be impossible").

17  The subjects in topics thirteen through eighteen are not described with anything

18  approaching reasonable particularity and Plaintiff has certainly not designated these topics

19  with "painstaking specificity." On the contrary, the topics are temporally unlimited, vague,

20  and breathtakingly broad, effectively requiring a deponent to testify on each and every

21  measure taken by every employee since HAVA was enacted to comply with a host of voter

22  registration related requirements.

23  For example, topic thirteen seeks all information reasonably available to Defendant

24  concerning "implementation of HAVA's voter registration requirements, including the use

25  of statewide voter registration database (HAVA Section 303)." This topic is antithetical to

26  Rule 30(b)(6)'s demand for reasonable particularity, and has no limiting principle

27  whatsoever. HAVA Section 303 refers to HAVA's requirement that *the State* establish a

28  single, official, centralized, interactive, and computerized statewide voter registration list.

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

- 47 -

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1  52 U.S.C. § 21083. California implements this requirement through a comprehensive body

2  of regulations governing the establishment and operation of California's statewide voter

3  registration system. 52 U.S.C. § 21083; 2 CCR §§ 19060-19098. Thus, requiring Defendant

4  to broadly testify on his office's activities, which are subject to these laws and regulations in

5  patently unreasonable, particularly since the requested testimony runs far afield from the

6  limited redaction of information that is the subject of this lawsuit. *See Poulos*, 2020 WL

7  8509663, at *3 (denying motion to compel Rule 30(b)(6) testimony concerning "all

8  customs, practices, policies, and procedures of the City concerning officer involvement in

9  wrongful convictions in 2001" because "Plaintiffs cannot expect these topics to be 'known

10  or reasonably available' when their wording is so broad and imprecise" and so that topic

11  fails "to reach the "reasonable particularity" standard mandated by Rule 30(b)(6)").

### D.    Topics 13–18 Are Grossly Overbroad and, In Conjunction with the Other 25 Requests, Impose an Extraordinary and Undue Burden

14        While a corporation or other legal entity must make a good faith effort to prepare a

15  Rule 30(b)(6) witness to "fully and unevasively answer questions about the designated

16  subject matter," "that task becomes less realistic and increasingly impossible as the number

17  and breadth of noticed subject areas expand." *Bresk*, 2017 WL 10439831, at *8 (*citing*

18  *Apple, Inc.*, 2012 WL 1511901, at *2) (internal quotation marks omitted); *see also Reed*,

19  193 F.R.D. at 692 ("An overbroad Rule 30(b)(6) notice subjects the noticed party to an

20  impossible task.").

21        Topic thirteen through eighteen seeks all information concerning implementation of a

22  number of voter registration requirements imposed by HAVA. Topics one and twelve

23  similarly seek testimony concerning effectively all efforts to broadly comply with HAVA

24  and the NVRA.

25        Together, the thirty one topics seek to burden Defendant with preparation of nearly

26  every fact even tangentially related to the subject matter of the litigation, except, incredibly,

27  the actual narrow legal questions in dispute (whether HAVA implicitly grants Plaintiff

28  plenary and extra-judicial authority to command the production of sensitive personal voter

- 48 -

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

1  information, and whether the NVRA preempts state statutes mandating the non-disclosure

2  of sensitive voter information). *Compare with SGII, Inc.*, 2021 WL 6752324, at *5 ("Rule

3  30(b)(6) does not permit burdening the responding party with production and preparation of

4  a witness on every facet of the litigation.") (internal quotation omitted); *see also Wheel Grp.*

5  *Holdings, LLC*, 2018 WL 6264980, at *4 ("Discovery requests seeking irrelevant

6  information are inherently undue and burdensome.") (collecting cases).

7  　　Because the burden of preparing a witness on every facet of compliance with a

8  number of complex statutory schemes is grossly disproportionate to the needs of a case that

9  turns on legal question of statutory interpretation and preemption principles, the Notice

10  should not be enforced as drafted, particularly in light of the Registrar of Voter's duties in

11  administering the November 4, 2025 state-wide election. Page Declaration at ¶¶ 7–25 &

12  Exs. A–E.

13  　　**E.    The Information Sought through Topics 13–18 Should be Sought, If at All,**

14  　　　　**through Interrogatories, Not a Rule 30(b)(6) Deposition**

15  　　Even if the information sought in topics thirteen through eighteen had some minimal

16  relevance to the Parties' claims and defenses, and even if the topic were described with

17  sufficient particularity, this information should be sought through interrogatories or other

18  discovery devices, not an overly broad and burdensome Rule 30(b)(6) deposition notice.

19  *See, e.g.*, *Alvarado-Herrera*, 344 F.R.D. at 108 ("Determining whether a Rule 30(b)(6)

20  notice is impermissibly excessive blends the concepts of burdensomeness and

21  proportionality. . . . Pertinent circumstances for consideration include . . . whether the

22  information can be obtained more efficiently through other means.").

23  　　Many courts have found that "when the proposed deposition topics are complex and

24  highly technical, *or involve legal issues that require the assistance of an attorney*, the

25  interrogatory is the preferred device." *Memory Integrity LLC*, 308 F.R.D. at 661 (emphasis

26  added); *see also HVI Cat Canyon, Inc.*, 2016 WL 11683593, at *7 ("Even if topics are

27  identified with the requisite specificity, many courts have found that when the proposed

28  deposition topics are complex and highly technical, or involve legal issues that require the

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

assistance of an attorney, the interrogatory is the preferred device.") (internal quotation omitted); *Bank of Am., N.A.*, 2016 WL 2843802, at *3 ("Other courts have required a party to serve contention interrogatories in lieu of a Rule 30(b)(6) deposition where the topic requires the responding party to provide its legal analysis on complex issues."); *Lenz*, 2010 WL 1610074, at *3 (inquiries seeking "legal conclusions . . . should not form the basis for 30(b)(6) deposition topics"); *3M Co.*, 2007 WL 1794936, at *2 (same); *Niagara Mohawk Power Corp.*, 125 F.R.D. at 593 (recognizing viability of interrogatories as an alternative discovery method to a Rule 30(b)(6) deposition).

Topics thirteen through eighteen seek information concerning efforts on the part of Defendant to comply with a complex federal statutory scheme – HAVA. This testimony will require an articulation of Defendant's understanding of the specific legal requirements imposed by this statutory scheme, and efforts to discharge any legal duties imposed by this scheme. This testimony undeniably "involve[s] legal issues." Additionally, Defendant's understanding of the legal duties imposed by the HAVA is informed by advice of counsel, and any testimony on this topic runs a substantial risk of invading the attorney-client privilege and the work product doctrine. Page Decl. at ¶¶ 15, 26–27.

To the extent there is any marginal relevance to the information sought through these broad and unfocused requests, this information should be sought through narrow and properly focused interrogatories.

### F.    Plaintiff Failed to Meet and Confer "About the Matters for Examination" Before or Shortly after Service of the Deposition Notice

In December of 2020, Rule 30(b)(6) was amended to require that a serving party meet and confer with the deponent entity "about the matters for examination." *Id.* ("Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination.")

Plaintiff failed to meet and confer with Defendant about the "matters for examination" before or promptly after service of the Notice. Shoai Decl. at ¶¶ 5–8 and Exs. C–E; *Los Angeles Unified School District*, 2022 WL 423412, at *1 ("And perhaps most

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

importantly, Defendants never explain (ECF 129-1 at 3) how they complied with the requirement—recently added in December 2020—that '[b]efore or promptly after the notice . . . is served, the serving party and the organization must confer in good faith *about the matters for examination*.['] . . . For all these reasons, Defendants' ex parte application is denied. The denial is without prejudice, however, if the parties obtain an extension of the fact discovery cutoff from the district court. But even then, strict compliance with amended Rule 30(b)(6) and Local Rule 37 will be expected and enforced.") (emphasis in original); *compare also Lake*, 2023 WL 8283671, at *10 ("The first time plaintiff's counsel appears to propose specific topics for another PMK deposition is in her October 30th email and, hours later, the noticing of the deposition. (Citation) Proposing specific topics for a PMK deposition are the start—not the end—of the kind of conferral required by the Federal and Local Rules and the undersigned's prior orders.") *with* Shoai Decl. at ¶¶ 6–8 & Exs. D, E.

This failure directly led to the necessity of this motion – if Plaintiff had discharged its statutory duty, there is a realistic possibility the Parties could have narrowed certain topics, agreed that certain topics would be better addressed in interrogatories, or, at minimum, better understood the scope of any disagreement and the Parties' respective positions.

While this failure alone may not be sufficient grounds to preclude the deposition in its entirely in the future, this failure does support an order prohibiting enforcement of the Notice as drafted and requiring Plaintiff to re-serve and potentially re-draft the Notice after engaging in the iterative and interactive process mandated in the Federal Rules of Civil Procedure.

### G.    Proposal to Resolve Dispute

At the conference of counsel, Defendant proposed to resolve this dispute by either: (1) narrowing some or all of the topics (e.g., substantially narrowing or omitting topic thirteen, concerning "Implementation of HAVA's voter registration requirements, including the use of the statewide voter registration database (HAVA Section 303)") or (2) withdrawing the Rule 30(b)(6) Notice in light of the narrow legal issues presented in the Complaint. Richards Decl. ¶ 17.

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

Plaintiff declined to do so, and indicated that Defendant should serve written objections or object on the record as to specific topics or questions. *Id.* Plaintiff generally took the position that Plaintiff is entitled to "everything under the sun," and that any objections concerning Plaintiff's rights to any discovery would have to be "taken up with" the Court. *Id.* at ¶¶ 15, 23.

**<u>Plaintiff's Position:</u>**

Plaintiff reasserts its position as if restated verbatim herein as applied to topics 13-18 and therefore requests that the Court order Defendant to produce a witness knowledgeable to testify on these topics as requested.

## IV.    General Administration and Oversight

19. Oversight and coordination of voter registration and list maintenance activities between the Registrar of Voters' Office and local election officials.

20. Audits, reviews, or evaluations of the voter registration system for compliance with federal laws.

21. Public communications and voter outreach related to voter registration, list maintenance, and ID requirements.

22. Information on County's practice to disclose its voter registration list/database to members of the public or third-party organizations, including identifying who made those requests and identify who from the County responded to those requests.

23. Changes to policies, procedures, or systems made in the past 5 years in response to changes in federal law, litigation, or guidance from the Election Assistance Commission (EAC) or any other entity.

24. Complaints, investigations, or litigation concerning compliance with HAVA or NVRA in the last 5 years.

25. Records retention policies related to voter registration and list maintenance activities.

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

26. Process of handling mail-in ballots sent to voters and received from voters, including any verification of identification or eligibility of the voter.

27. All voter list maintenance procedures.

28. Current voter list and accuracy and currency of such list.

29. General office policies and procedures, including roles and responsibilities of each employee, volunteer, and independent contractor.

30. Process for any disciplinary action or failure to adhere to office policies or procedures or comply with federal, state, or local law(s).

31. Handling of ineligible voter registrations.

## Defendant's Position:

### A.    The Testimony Sought through Topics 19–31 is Outside the Scope of Permissible Discovery

The testimony sought in topics nineteen through thirty-one is beyond the scope of permissible discovery under Rule 26. A party may only seek discovery that is (1) relevant to a party's claims or defenses; and (2) proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

#### 1.    Topics 19–31 Are Not Relevant to Any Parties' Claims or Defenses

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action." Fed. R. Evid. 401. The requirement that material sought through discovery be "relevant" "should be firmly applied." *Herbert*, 441 U.S. at 177; *see also Carrera*, 2014 WL 3695403, at *1 ("As the United States Supreme Court has explained, district courts must safeguard against discovery that goes beyond the bounds of relevancy.") (*citing Herbert*, 441 U.S. 153).

Any testimony concerning "Oversight and coordination of voter registration and list maintenance activities between the Registrar of Voters' Office and local election officials," Audits, reviews, or evaluations of the voter registration system for compliance with federal laws," "Public communications and voter outreach related to voter registration, list

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1    maintenance, and ID requirements," "Information on County's practice to disclose its voter

2    registration list/database to members of the public or third-party organizations, including

3    identifying who made those requests and identify who from the County responded to those

4    requests," "Changes to policies, procedures, or systems made in the past 5 years in response

5    to changes in federal law, litigation, or guidance from the Election Assistance Commission

6    (EAC) or any other entity," "Complaints, investigations, or litigation concerning

7    compliance with HAVA or NVRA in the last 5 years," "Records retention policies related to

8    voter registration and list maintenance activities," "Process of handling mail-in ballots sent

9    to voters and received from voters, including any verification of identification or eligibility

10    of the voter," "All voter list maintenance procedures," "Current voter list and accuracy and

11    currency of such list," "General office policies and procedures, including roles and

12    responsibilities of each employee, volunteer, and independent contractor," "Process for any

13    disciplinary action or failure to adhere to office policies or procedures or comply with

14    federal, state, or local law(s)," and "Handling of ineligible voter registrations," has no

15    tendency to make more or less probable any fact that is of consequence in determining the

16    narrow legal questions presented through Plaintiff's claims.

17         Again, the narrow legal issues on which the claims Plaintiff has actually pled turn on:

18    (1) Whether the NVRA's grant of standing to the Attorney General implicitly allows

19    Plaintiff plenary authority to extra-judicially demand protected voter information; and (2)

20    whether the "Public Disclosure Provision" of HAVA precludes redaction of uniquely

21    sensitive information and preempts state laws and constitutional privacy rights which

22    require Defendant to redact sensitive personal information, such as social security numbers.

23         These claims turn on pure issues of law – statutory interpretation and principles of

24    preemption. *Stephens*, 237 F.3d at 1033 ("The proper interpretation of a statute is a question

25    of law."); *ConocoPhillips Alaska, Inc.*, 660 F.Supp.3d at 840 ("Preemption is almost always

26    a legal question, the resolution of which is rarely aided 'by development of a more complete

27    factual record.' The Court finds that the preemption issue in this case is a pure question of

28    law that requires no additional factfinding to determine.").

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

- 54 -

Because no testimony which could be elicited concerning topics nineteen through thirty-one would have any relevance to the claims pled in Plaintiff's Complaint, this Court should enter an order prohibiting the deposition in its entirety, or, alternatively, prohibiting enforcement of the Notice as to topics nineteen through thirty-one.

### 2. The Testimony Sought Is Not Proportional to the Needs of the Case

Rule 26 makes clear that the right to discovery, even plainly relevant discovery, is not limitless. As one court explained,

> The 2015 amendments to Rule 26(b)(1) emphasize the need to impose "reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." The fundamental principle of amended Rule 26(b)(1) is "that lawyers must size and shape their discovery requests to the requisites of a case." The pretrial process must provide parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery. This requires active involvement of federal judges to make decisions regarding the scope of discovery.

*Roberts*, 312 F.R.D. at 603 (*quoting John Roberts, 2015 Year-End Report on the Federal Judiciary 6* (Dec. 31, 2015) (internal citations omitted)); *see also* Fed. R. Civ. P. 26, Advisory Committee Note (2015 Amendments) ("The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes.").

To the extent Plaintiff can plausibly identify any marginal relevance the sought testimony has to Plaintiff's claims, any such relevance is grossly disproportionate to the needs of the case. " 'Proportionality focuses on the marginal utility of the discovery sought.' " *HVI Cat Canyon, Inc.*, 2016 WL 11683593, at *4 (*quoting In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*, 180 F.Supp.3d at 280 n.43).

Again, Plaintiff's claims turn solely on issues of law. The burden of requiring an individual to familiarize themselves with the extraordinarily broad yet irrelevant subjects identified in topics nineteen through thirty-one is grossly disproportionate to the minimal, if

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1  any, utility of the discovery sought, particularly in light of the Registrar of Voter's duties in
2  administering the November 4, 2025 state-wide election. Page Declaration at ¶¶ 7–25 &
3  Exs. A–E.

4      **B.    Plaintiff May Not Use the Discovery Process to Support or Investigate**
5             **Unpleaded Claims**

6        To the extent Plaintiff seeks the information identified in topics nineteen through
7  thirty-one to investigate unpled violations of the NVRA or HAVA, Plaintiff may not utilize
8  discovery in an effort to support unpleaded claims. *See, e.g.*, *Iqbal*, 556 U.S. at 679 (filing a
9  complaint "does not unlock the doors of discovery for a plaintiff armed with nothing more
10  than conclusions"); *Rivera*, 364 F.3d at 1072 ("District courts need not condone the use of
11  discovery to engage in 'fishing expedition[s].'"); *Asetek Danmark A/S*, 2021 WL 4699170,
12  at *2 (emphasizing that parties "have no entitlement to discovery to develop new claims or
13  defenses that are not already identified in the pleadings"); *Ali*, 2020 WL 14032073, at *5
14  ("Plaintiff cannot use discovery as a fishing expedition to support conclusory claims. . . .
15  Plaintiff cannot conduct discovery on claims that are not pending in this litigation.");
16  *Hartford Underwriters Insurance Company*, 2019 WL 7987112, at *4 ("No discovery can
17  proceed on an improperly pled claim."); *Torio*, 2016 WL 2344243, at *5 ("Plaintiffs have
18  cited no authority for the proposition that they are entitled to conduct any discovery before
19  stating a viable claim for relief. Anyway, discovery cannot be used as a fishing expedition
20  for evidence of claims that have not been properly pled."); *Games2U, Inc.*, 2013 WL
21  4046655, at *9 (granting a motion to quash subpoena of prosecuting attorney where the
22  alleged infringer had not alleged inequitable conduct); *Bush*, 619 F.Supp. at 601 ("Plaintiff
23  cannot embark on a fishing expedition and expect defendants to supply him with a case by
24  means of admissions in deposition and interrogatories.").

25        Defendant understands that Plaintiff may point to the third paragraph of Plaintiff's
26  Prayer for Relief in support of its attempt to seek broad discovery. This paragraph seeks an
27  order enjoining Defendant from "failing or refusing to comply with the requirement of
28  HAVA or the NVRA, including the Attorney General's enforcement authority." Compl. at

¶ 47.

However, with the exception of the Complaint's reference to limited redactions made by Defendant (as required by California State law), Plaintiff does not give notice of any claimed violation of the NVRA or HAVA. *See* Compl. at ¶¶ 38–39 ("[T]he Attorney General is entitled to receive from Defendants [sic] unredacted copies of the information requested in Exhibit 1 . . . Unless and until ordered to do so by this Court, the Defendant's refusal to provide these records prevents the Attorney General from making a determination of the Defendant's compliance with the list maintenance of HAVA and represents and ongoing violation of the law."); ¶ 44 ("The Attorney General is entitled to receive from the Defendant unredacted copies of the information requested in Exhibit 1 to validate the Defendant's compliance with disclosure requirements of the NVRA. . . . Unless and until ordered to do so by this Court, the Defendant's refusal to provide these records prevents the Attorney General from making a determination of the Defendant's compliance with the list maintenance requirements of the NVRA and represents an ongoing violation of the NVRA's disclosure requirements.").

Plaintiff may not seek discovery to support an unpleaded claim or to find evidence of statutory violations that have not been pled. Absent concrete and plausible allegations of violations of the NVRA and HAVA, and a sufficient basis to allege that such violations will reoccur, Plaintiff's broad request for an injunction to follow the law is far from sufficient to unlock the door to broad and free-ranging discovery seeking any and all evidence of violations of HAVA or the NVRA. A party may not use discovery "to find facts that may give credence to an unartfully pled complaint" and the discovery rules do not "unlock the door to discovery for a plaintiff armed with nothing more than conclusions." *Van Heel*, 2020 WL 6541989, at *4.

In short, unless and until Plaintiff can and does (consistent with the requirement of Rule 11) allege discrete, plausible, and factually supported violations of HAVA or the NVRA, Plaintiff may not engage in freewheeling discovery in an attempt to find evidence of such (non-existent) violations.

### C.    Topics 19–31 Fail to Describe with Reasonable Particularity the Matters for Examination

Rule 30(b)(6) requires that the matters for examination be described with "reasonable particularity." *Id.*

"A party who notices a Rule 30(b)(6) deposition should apply fairness and reasonableness to the scope of the matters that the witness is required to testify about, [which means that] 'the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *Snyder*, 2022 WL 17185009 at *2 (*quoting Prokosch*, 193 F.R.D. at 638); *see also, e.g.*, *Batiste*, 2023 WL 2951538, at *2 ("[T]he requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute. . . . The 'painstaking specificity' standard described in *Prokosch* has been adopted and approved by many courts in this Circuit.") (collecting cases); *Willy*, 2022 WL 1553703 at *3 ("Because Rule 30(b)(6) places substantial responsibilities and burdens on corporate designees, for the rule to function effectively, a requesting party must designate with painstaking specificity, the particular subject areas that intended to be questioned."); *Littlefield*, 2017 WL 10439791, at *7 ("For Rule 30(b)(6) to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute.") (internal citations and quotations omitted).

Courts "have not hesitated to issue protective orders when corporations are asked to respond to overly broad or unfocused Rule 30(b)(6) deposition notices." *Lipari*, 2008 WL 4642618, at *6; *see also, e.g., Alvarado-Herrera*, 344 F.R.D. at 107 ("[C]ourts have repeatedly emphasized the practical constraints on the scope of a Rule 30(b)(6) deposition in that it is not feasible for a Rule 30(b)(6) witness to know the intimate details of everything."); *Apple*, 2012 WL 1511901, at *2 (extremely broad 30(b)(6) notice "render[s] unworkable the obligation of the responding party to make a conscientious, good-faith effort

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

1    to designate knowledgeable persons . . . and to prepare them to fully and unevasively

2    answer questions about the designated subject matter"); *RM Dean Farms*, 2012 WL

3    169889, at *1 (granting protective order where "[t]he 30(b)(6) notice would require

4    [defendant] to produce a corporate representative or corporate representatives to testify on

5    topics so vast in number, so vast in scope, so open ended, and so vague that compliance

6    with the notice would be impossible").

7         The subjects in topics nineteen through thirty-one are not described with anything

8    approaching reasonable particularity and Plaintiff has certainly not designated these topics

9    with "painstaking specificity." On the contrary, the topics are largely[5] temporally unlimited,

10   vague, and breathtakingly broad, effectively requiring a deponent to memorize and testify

11   on *every* aspect of the functioning of the Orange County Registrar's office and its

12   employees.

13        For example, topic twenty-seven seeks testimony concerning "all voter list

14   maintenance procedures." Topic twenty-nine seeks broad testimony concerning "general

15   office policies and procedures, including roles and responsibilities of each employee,

16   volunteer, and independent contractor." Topic thirty seeks testimony concerning "process

17   for any disciplinary action or [sic] failure to adhere to office policies or procedures or

18   comply with federal, state, or local law(s)."

19        These topics are far from "reasonably particular" and proportional to the needs of this

20   case, and instead amount to an effort to engage in an unfettered inquisition concerning each

21   and every aspect, function, practice, employee, and policy of the Registrar of Voter's office

22   over an unlimited timeframe. It is difficult to imagine a less "reasonably particular" topic.

23

24   _____

25        [5] Of the 31 topics in the Notice, only two topics included a temporal limitation.

26   (Topic No. 23 which seeks changes to policies, procedures, or systems "made in the past 5
     years" and Topic No. 24 which seeks complaints, investigations, or litigation concerning

27   compliance with HAVA or NVRA "in the last 5 years.")  It is not clear why Plaintiff
     declined to similarly limit the scope of its other topics given that the Complaint addresses an

28   original request for documents which, itself, only sought records "from January 1, 2020, to
     the present." Compl. at ¶ 19.

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

*See Poulos*, 2020 WL 8509663, at *3 (denying motion to compel Rule 30(b)(6) testimony concerning "all customs, practices, policies, and procedures of the City concerning officer involvement in wrongful convictions in 2001" because "Plaintiffs cannot expect these topics to be 'known or reasonably available' when their wording is so broad and imprecise" and so that topic fails "to reach the "reasonable particularity" standard mandated by Rule 30(b)(6)").

### D. Topics 19–31 Are Grossly Overbroad and, In Conjunction with the Other 18 Requests, Impose an Extraordinary and Undue Burden

While a corporation or other legal entity must make a good faith effort to prepare a Rule 30(b)(6) witness to "fully and unevasively answer questions about the designated subject matter," "that task becomes less realistic and increasingly impossible as the number and breadth of noticed subject areas expand." *Bresk*, 2017 WL 10439831, at *8 (*citing Apple, Inc.*, 2012 WL 1511901, at *2) (internal quotation marks omitted); *see also Reed*, 193 F.R.D. at 692 ("An overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task.").

Topics nineteen through thirty-one, collectively, seek testimony concerning every practice, employee, and policy of the Registrar of Voter's office over an unlimited timeframe. These topics seek to burden Defendant with preparation and memorization of every fact even tangentially related to the subject matter of the litigation, and every fact related in any way to the Registrar of Voter's office, except, incredibly, the actual narrow legal questions in dispute (whether HAVA implicitly grants Plaintiff plenary and extra-judicial authority to command the production of sensitive personal voter information, and whether the NVRA preempts state statutes mandating the non-disclosure of sensitive voter information). *Compare with SGII, Inc.*, 2021 WL 6752324, at *5 ("Rule 30(b)(6) does not permit burdening the responding party with production and preparation of a witness on every facet of the litigation.") (internal quotation omitted); *see also Wheel Grp. Holdings, LLC*, 2018 WL 6264980, at *4 ("Discovery requests seeking irrelevant information are inherently undue and burdensome.") (collecting cases).

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

1  Because the burden of preparing a witness on every fact related to every practice,

2  employee, and policy of the Registrar of Voter's office over a largely unlimited timeframe

3  is grossly disproportionate to the needs of a case that turns on legal question of statutory

4  interpretation and preemption principles, the Notice should not be enforced as drafted,

5  particularly in light of the Registrar of Voter's duties in administering the November 4

6  , 2025 state-wide election. Page Declaration at ¶¶ 7–25 & Exs. A–E.

      **E.**      **The Information Sought through Topics 19–31 Should Be Sought, If at All,**

8             **through Interrogatories, Not a Rule 30(b)(6) Deposition**

9       Even if the information sought through topics nineteen through thirty-one had some

10  minimal relevance to the Parties' claims and defenses, and even if the topic were described

11  with sufficient particularity, this information should be sought through interrogatories or

12  other discovery devices, not an overly broad and burdensome Rule 30(b)(6) deposition

13  notice. *See, e.g.*, *Alvarado-Herrera*, 344 F.R.D. at 108 ("Determining whether a Rule

14  30(b)(6) notice is impermissibly excessive blends the concepts of burdensomeness and

15  proportionality. . . . Pertinent circumstances for consideration include . . . whether the

16  information can be obtained more efficiently through other means.").

17       Many courts have found that "when the proposed deposition topics are complex and

18  highly technical, *or involve legal issues that require the assistance of an attorney*, the

19  interrogatory is the preferred device." *Memory Integrity LLC*, 308 F.R.D. at 661 (emphasis

20  added); *see also HVI Cat Canyon, Inc.*, 2016 WL 11683593, at *7 ("Even if topics are

21  identified with the requisite specificity, many courts have found that when the proposed

22  deposition topics are complex and highly technical, or involve legal issues that require the

23  assistance of an attorney, the interrogatory is the preferred device.") (internal quotation

24  omitted); *Bank of Am., N.A.*, 2016 WL 2843802, at *3 ("Other courts have required a party

25  to serve contention interrogatories in lieu of a Rule 30(b)(6) deposition where the topic

26  requires the responding party to provide its legal analysis on complex issues."); *Lenz*, 2010

27  WL 1610074, at *3 (inquiries seeking "legal conclusions . . . should not form the basis for

28  30(b)(6) deposition topics"); *3M Co.*, 2007 WL 1794936, at *2 (same); *Niagara Mohawk*

*Power Corp.*, 125 F.R.D. at 593 (recognizing viability of interrogatories as an alternative discovery method to a Rule 30(b)(6) deposition).

Many of the subjects in topics nineteen through thirty-one relate to legal issues, and compliance with federal law, and efforts to respond to lawsuits and changes in federal law and guidance. See, e.g., Notice at Topic 20 ("Audits, reviews, or evaluations of the voter registration system for compliance with federal laws."); Topic 23 ("Changes to policies, procedures, or systems made in the last 5 years in response to changes in federal law, litigation, or guidance from the Election Assistance (EAC) or any other entity."); Topic 24 ("Complains, investigations, or litigation concerning compliance with HAVA or NVRA in the last 5 years."); Topic 30 ("Process for any disciplinary action or failure to adhere to office policies or procedures or comply with federal, state, or local law(s).")

This testimony will require an articulation of Defendant's understanding of the specific legal requirements, lawsuits, changing federal guidance, and similar legal analysis. This testimony undeniably "involve[s] legal issues." Additionally, Defendant's understanding of these legal issues is informed by advice of counsel, and any testimony on this topic runs a substantial risk of invading the attorney-client privilege and the work product doctrine. Page Decl. at ¶¶ 15, 26–27.

To the extent there is any marginal relevance to the information sought through these broad and unfocused requests, this information should be sought through narrow and properly focused interrogatories.

F.    **Plaintiff Failed to Meet and Confer "About the Matters for Examination" Before or Shortly after Service of the Deposition Notice**

In December of 2020, Rule 30(b)(6) was amended to require that a serving party meet and confer with the deponent entity "about the matters for examination." *Id.* ("Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination.")

Plaintiff failed to meet and confer with Defendant about the "matters for examination" before or promptly after service of the Notice. Shoai Decl. at ¶¶ 5–8 and Exs.

OFFICE OF THE COUNTY COUNSEL COUNTY OF ORANGE

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

C–E; *Los Angeles Unified School District*, 2022 WL 423412, at *1 ("And perhaps most importantly, Defendants never explain (ECF 129-1 at 3) how they complied with the requirement—recently added in December 2020—that '[b]efore or promptly after the notice . . . is served, the serving party and the organization must confer in good faith *about the matters for examination*.['] . . . For all these reasons, Defendants' ex parte application is denied. The denial is without prejudice, however, if the parties obtain an extension of the fact discovery cutoff from the district court. But even then, strict compliance with amended Rule 30(b)(6) and Local Rule 37 will be expected and enforced.") (emphasis in original); *compare also Lake*, 2023 WL 8283671, at *10 ("The first time plaintiff's counsel appears to propose specific topics for another PMK deposition is in her October 30th email and, hours later, the noticing of the deposition. (Citation) Proposing specific topics for a PMK deposition are the start—not the end—of the kind of conferral required by the Federal and Local Rules and the undersigned's prior orders.") *with* Shoai Decl. at ¶¶ 6–8 & Exs. D, E.

This failure directly led to the necessity of this motion – if Plaintiff had discharged its statutory duty, there is a realistic possibility the Parties could have narrowed certain topics, agreed that certain topics would be better addressed in interrogatories, or, at minimum, better understood the scope of any disagreement and the Parties' respective positions.

While this failure alone may not be sufficient grounds to preclude the deposition in its entirely in the future, this failure does support an order prohibiting enforcement of the Notice as drafted and requiring Plaintiff to re-serve and potentially re-draft the Notice after engaging in the iterative and interactive process mandated in the Federal Rules of Civil Procedure.

### G.     Proposal to Resolve Dispute

At the conference of counsel, Defendant proposed to resolve this dispute by either: (1) narrowing some or all of the topics (e.g., substantially narrowing or omitting topic twenty-six, concerning "General office policies and procedures, including roles and responsibilities of each employee, volunteer, and independent contractor") or (2) withdrawing the Rule 30(b)(6) Notice in light of the narrow legal issues presented in the

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1  Complaint. Richards Decl. ¶ 17.

2      Plaintiff declined to do so, and indicated that Defendant should serve written

3  objections or object on the record as to specific topics or questions. *Id.* Plaintiff generally

4  took the position that Plaintiff is entitled to "everything under the sun," and that any

5  objections concerning Plaintiff's rights to any discovery would have to be  "taken up with"

6  the Court. *Id.* at ¶¶ 15, 23.

7  **Plaintiff's Position:**

8      Plaintiff reasserts its position as if restated verbatim herein as applied to topics 19-31

9  and therefore requests that the Court order Defendant to produce a witness knowledgeable

10  to testify on these topics as requested.

11                          Respectfully submitted,

12                          LEON J. PAGE, COUNTY COUNSEL
13                          SUZANNE E. SHOAI, SENIOR DEPUTY
                            DANIEL L. RICHARDS, DEPUTY
14  DATED: November 5, 2025    By:  _____/S/_____
15                          Suzanne E. Shoai, Senior Deputy

16                          Attorneys for Defendant,
                            ROBERT PAGE, in his official capacity as
17                          Registrar of Voters for Orange County

18                          HARMEET K. DHILLON
19                              Assistant Attorney General
                                Civil Rights Division
20                          MICHAEL E. GATES
                                Deputy Assistant Attorney General
21                              Civil Rights Division
                            MAUREEN RIORDAN
22                              Acting Chief, Voting Section
                                Civil Rights Division
23                          BRITTANY E. BENNETT
                                Trial Attorney, Voting Section
24                              Civil Rights Division
                                U.S. Department of Justice
25  DATED: November 5, 2025    By:  /s/  *Brittany E. Bennett*
26                          Brittany E. Bennett

27                          Attorneys for Plaintiff,
                            UNITED STATES OF AMERICA
28

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1

## **L.R. 5-4.3.4(a)(2)(i) COMPLIANCE ATTESTATION**

2      Per L.R. 5-4.3.4(a)(2)(i), I, Suzanne E. Shoai, Senior Deputy County Counsel, attest

3 that all signatories listed in this document presented for filing, and on whose behalf the

4 filing is submitted, concur in the filing's content and have authorized the filing.

5                          Respectfully submitted,

6                          LEON J. PAGE, COUNTY COUNSEL

7                          SUZANNE E. SHOAI, SENIOR DEPUTY
DANIEL L. RICHARDS, DEPUTY

8 DATED: November 5, 2025    By:           /S/

                                     Suzanne E. Shoai, Senior Deputy County Counsel

9

10                     Attorneys for Defendant,
ROBERT PAGE, in his official capacity as

11                     Registrar of Voters for Orange County

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER…